## THE INDIANA PIPE LINE AND REFINING COMPANY *v.* NEUSBAUM.

[No. 2,627. Filed January 5, 1899.]

NEGLIGENCE.—*Complaint.*—*Sufficiency.*—A complaint by an employe against the employer for damages on account of injuries sustained by falling into an open and unguarded excavation for a well while traveling from a boarding tent in defendant's field to a town one-fourth of a mile distant is not bad for failing to allege that defendant directed plaintiff to take the route he took, or go in the direction taken, where it was alleged that he was directed by defendant to go to said town for lodging, that there was no road or traveled way from the tent to the town, and that he started across the field in the direct route to said town. *pp. 362-364.*

INTERROGATORIES TO JURY.—*Conflict with General Verdict.*—*Judgment.*—Answers to interrogatories in an action for damages on account of injuries sustained by plaintiff from falling into an open well while going from a boarding tent to a town one-fourth of a mile distant, at the direction of defendant, who was his employer, showing that he could have gone west of the tent 150 feet to a private roadway, then north 475 feet to a public road, then west 1,150 feet to the town, without any obstructions, instead of going the direct route across the field and coming in contact with the well; that the sand and dirt from the well was thrown upon the ground immediately around it, extending twelve or fifteen feet; that when he came in contact with the dirt and sand he did not stop to ascertain whether there was any danger, are not sufficient to justify the court to render judgment for defendant notwithstanding a general verdict returned by the jury for plaintiff. *pp. 364-367.*

SAME.—*Conflict with General Verdict.*—Where a general verdict in an action for damages on account of personal injuries sustained, returned under the provisions of section 546, Horner's R. S. 1897,

finds negligence on the part of defendant and freedom from negligence on the part of plaintiff contributing to his injury, it will not be set aside as being in irreconcilable conflict with answers to interrogatories, where, under the issues, other facts might have been shown consistent with the general verdict, as under such section a party is not required to prepare interrogatories to elicit all the facts pertinent to the issues. *p. 367.*

NEGLIGENCE.—*When Question for Jury.*—Where different inferences may be fairly drawn from the conceded facts as to negligence, the question of negligence must be submitted to the jury. *pp. 368, 369.*

SAME.—*Negligence of Co-Employe.*—The doctrine of the negligence of co-employe will not apply to defeat an action by an employe against his employer for injuries received by falling into an open well, where the hole was dug by employes of plaintiff's employer, engaged in a different kind of work, and not co-operating with plaintiff in the line of work in which he was engaged. *pp. 369, 370.*

From the Wells Circuit Court. *Affirmed.*

*J. S. Dailey, Abram Simmons* and *Frank C. Dailey,* for appellant.

*Levi Mock, John Mock* and *George Mock,* for appellee.

COMSTOCK, J.—The issues in this cause on which the trial was had were formed on the second paragraph of complaint and the answer in general denial thereto. The jury returned a general verdict in favor of the appellee, assessing his damages at $363, and with the general verdict returned answers to interrogatories. The court rendered judgment in favor of appellee for the amount named in the verdict.

The specifications of the assignment of errors discussed are those numbered one, two, three, four, and five. The first and second question the sufficiency of the second paragraph of complaint. The third and fourth challenge the action of the court in overruling appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict. The fifth, the action of the court in overruling appellant's motion for a new trial. The second paragraph

of complaint avers that the defendant is a corpora-
tion engaged in putting up a telegraph line from Do-
mestic, Indiana, to a point near Momence, Illinois,
and for that purpose employed defendant and some
fifty other men, and boarded and lodged said employes
in a tent; that the tent was pitched at many places
along said line, and near many towns; that on said
28th day of October, 1896, the defendant pitched said
tent on its own premises within one-fourth mile of,
and east of, the town of Ora, in Starke county, In-
diana; that on said day said employes worked south-
east of said place where said tent was pitched, and
did not reach said tent until dark; that plaintiff had
never been on said premises before said time, and had
never been in the said town of Ora; that there was
no road, path, or traveled way from said tent to said
town of Ora, but said tent was placed in the field of
the defendant; that on said day defendant dug a hole
in said field fifteen feet wide and fifteen feet deep be-
tween the said tent and said town of Ora, and negli-
gently, carelessly, and wrongfully left the same un-
covered, without light, and wholly unguarded, well
knowing that said employes would visit said town of
Ora on said night, and pass over said field in going
to said town, and were liable to fall into said hole
and become injured; that said night was very dark,
and said hole could not be seen without light; that on
said night there was no lodging room in said tent for
plaintiff, and defendant prepared lodging for plaintiff
on said night at said town of Ora; that on said night,
after the plaintiff had taken supper in said tent, he
was directed by defendant to go to said town of Ora
for lodging, and while it was very dark as aforesaid,
plaintiff started across said field on the direct route
to said town of Ora, and without any negligence or
fault of plaintiff, but owing to the negligence of the

defendant in leaving said hole uncovered, without light or guards, the plaintiff fell into said hole on his head and shoulders, thereby wrenching his back, shoulders, and arms, and breaking his fingers, and bruising his face, hands, and body, and permanently injuring his hands and fingers; that plaintiff received said injuries without any fault, carelessness, or negligence on his part, and he had no knowledge whatever of the existence of said hole or its dangerous condition before he fell into the same; that, by reason of said wrongs and injuries aforesaid, plaintiff has been, and is, damaged in the sum of $5,000. Wherefore, etc.

Appellant's counsel point out as defects in the foregoing paragraph that it does not allege that appellant directed appellee to take the route he took when he started for Ora, or that appellant knew he had gone or intended to go in the direction taken; the only averment connecting appellant with the trip to Ora being in this language: "He was directed by defendant to go to said town of Ora for lodging." Appellant's learned counsel insist that this allegation is not sufficient without the further averment that he was directed by appellant "to go to Ora across said field, and without any fault or negligence of plaintiff, but owing to the negligence of the defendant, and fell into said hole." By reference to this paragraph, it will be seen that it avers that the tent was pitched in the field of appellant; that there was no road, path or traveled way from said tent to the town of Ora; and that appellee started across said field in the direct route to said town of Ora. We think this averment makes the complaint sufficient to withstand a demurrer.

The third and fourth specifications of errors present the same question,—the action of the court in

Indiana Pipe Line, etc., Co. v. Neusbaum.

overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict. It appears from answers to interrogatories that the well or hole into which appellee fell was located at a point about ninety-one feet north of the northwest corner of the tent mentioned in the complaint, and about 150 feet east of the west line of appellant's real estate; that there was a public highway on the north end of said tract extending due west from the northwest corner thereof a distance of 1,150 feet to the town of Ora; that there was a private roadway belonging to appellant extending due south from the northwest corner of said appellant's land, along the west line thereof and beyond a point opposite said tent; that the northwest corner of the tent was about 475 feet south and 150 feet east of the northwest corner of said real estate. The surface of the ground was comparatively level immediately west of the tent to the driveway, as was the ground from the point where said well was located to a point seventy-five feet north thereof. The hole into which appellee fell was ten or twelve feet in depth and in diameter. It was dug on the day of the alleged injury by other servants of appellant, without the knowledge of appellee. The sand and dirt thrown out of said hole was cast upon the ground immediately around it, and extending from its side to twelve or fifteen feet. Appellant walked into the hole from the south side. When he came in contact with the dirt thrown out of said hole he did not stop to ascertain if there was any danger. There was no public or private roadway leading from the tent on appellant's premises to said hole at the time of the accident. Appellee could have passed out of the west door of the tent a distance of 150 feet to said private road-

way of appellant, then north 475 feet to said public highway, then west 1,150 feet to the town of Ora. There were no obstructions in the way of him so passing. At the time he fell into the hole appellee was looking at a light in a window of a house on a hill eight feet higher than the ground around the tent situate on the northwest corner of said real estate near the public highway. Appellant had fifty-one men in its employ at that place engaged in the construction of the telegraph line, and two women engaged as cooks. On the night in question, ten men and the two women took lodging outside of the tent. There were sleeping accommodations in the tent said night for forty-eight persons. It is on the foregoing facts, found in answer to interrogatories, that appellant asked for judgment, notwithstanding the general verdict.

As has been said by the Supreme and this Court, special findings in answer to interrogatories cannot override the general verdict unless they irreconcilably conflict with it. Special findings are not aided by any presumption, but all reasonable presumptions are indulged to sustain the general verdict. As said in the City of Fort Wayne v. Patterson, 3 Ind. App. 34: "In determining whether there is such a conflict, the evidence actually introduced will not be examined; and if, taking all the special findings together and adding to them any other facts that might have been proved under the issues, an irreconcilable conflict with the general verdict can be avoided, the answers to interrogatories will not be allowed to control." See, also, Cook v. Howe, 77 Ind. 442; Davis v. Reamer, 105 Ind. 318; Penn. Co. v. Smith, 98 Ind. 42; City of Huntington v. Burke, post, 655; Sponhaur v. Malloy, ante, 287. The general verdict finds negligence on the part of

appellant, and freedom from negligence on the part of appellee contributing to his injury.

Under the acts of 1897, section 546, Horner's R. S. 1897, under which act the verdict in this case was returned, a party is not required to prepare interrogatories to elicit all the facts pertinent to the issue. Under the issues, other facts might have been shown consistent with the general verdict, to wit: That appellee did not know of the safe private way on appellant's ground, or that he was directed by appellant's agent to take the route he selected, or was told that route was free from obstructions; that the night was dark; that the hole could not be seen; that he had no knowledge of its existence. With such additional facts found, an irreconcilable conflict between the facts found and the general verdict might have been avoided. Appellant's motion for judgment was properly overruled.

The fifth and last specification of the assignment of errors, is the overruling of appellant's motion for a new trial. Two of the grounds stated and discussed in said motion are that the verdict of the jury is not sustained by sufficient evidence; that the verdict is contrary to the evidence. The evidence is in the record. It appears from the evidence that appellee came from Ora to the tent the evening of the accident, coming east from Ora along the public highway to the northwest corner of appellant's ground; then south, along its private way, to a point west of the tent; and then directly across appellant's land, to the tent; that he reached the tent at 6 or 7 o'clock, and found his supper ready and ate it; that an agent of appellant, having authority to arrange for the lodging of appellant's employes, then told him to go to Ora and find a bed. In a few minutes thereafter, he and one Montgomery (who did not testify), started

directly north for Ora, and he walked right into the hole, from the south side thereof. He discovered before he got into the hole that there was a bank of dirt on which he was walking, but did not stop when his foot came in contact with it to investigate, but walked right on. If he had gone by the way he came from Ora, he would not have gone near the hole. The private way over appellant's land along which appellee traveled in coming to the tent was fenced. When he started to return to Ora, the evidence does not show that he attempted or intended to return by the same route by which he had come. The evidence shows that he was not directed to take any particular course. Appellee had no knowledge of the existence of the hole. The tent was pitched in a cornfield, the soil of which was sandy. The sand thrown out of the well was about as soft as that on the surface of the field. It was spread around the well a distance of twelve or fifteen feet. Its greatest height was three feet. It was hard walking in the sand. The well was right between the tent and a light in a house at the northwest corner of appellant's land, near the public highway leading to Ora. The appellee had seen the house as he was going to the tent. The light in the house, towards which he was walking and by which he was guiding his steps, was 309 feet from the well, and about eight feet higher than the surface of the ground at the tent. It could be seen from the tent. The grade was gradual. The way by which appellee came to the tent over the 150 feet of the field was that made by teams hauling in the tent and camp equipage. In our opinion, it was negligence for appellant to leave the well unguarded, which it had dug on its premises within ninety-one feet of a tent within the same inclosure, in which it lodged and fed fifty people. Whether appellee, in attempting to go to Ora by

the route he took and when he walked into the well, was proceeding with the caution of an ordinarily prudent person under like circumstances was a question for the jury, under the rule laid down in numerous approved decisions, viz: where there is room for difference of opinion as to the inferences which may be fairly drawn from the conceded facts, the question of negligence must be submitted to the jury. This was properly submitted to the jury, and answered in the general verdict in favor of appellee. *Cincinnati, etc., R. Co.* v. *Grames,* 136 Ind. 39; *Cleveland, etc., R. Co.* v. *Moneyhun,* 146 Ind. 147; *Board* v. *Bonebrake,* 146 Ind. 311; *Louisville, etc., R. Co.* v. *Williams,* 20 Ind. App. 576; *Hopkins* v. *Boyd,* 18 Ind. App. 63; Cooley on Torts (12 ed.), p. 805; *Railroad Co.* v. *Stout,* 17 Wall. 657; *Ohio, etc., R. Co.* v. *Collarn,* 73 Ind. 261; *Louisville, etc., R. Co.* v. *Crunk,* 119 Ind. 542.

Appellee was properly in the course of his employment when he received his injury. He had no knowledge of the dangerous place which had been left unguarded by his employer. It was so dark that it was not visible without a light. Ordinary caution required the appellant in some way to put upon their guard its employes, who lodged within a short distance, and were liable to walk into it if not informed of its existence. The same general direction had been followed by others going to Ora, but who fortunately, either through prior knowledge of the existence of the well, or good fortune, kept out of it.

It is the duty of the master to keep his premises in a reasonably safe condition for those who are rightfully there. While the hole was dug by employes of appellee's employer, they were not engaged in the same kind of work and were not co-operating with him in the line in which he was engaged. The doctrine of

the negligence of a co-employe does not apply. Appellant's learned counsel lay stress upon what they claim the fact to be, that appellant furnished a safe way to Ora, and that appellee was guilty of contributory negligence when he departed from it; but, as appears from the evidence, there was no way from the tent to the private way, except that made by the teams which had hauled the tent and equipage. In this connection we cite *Pittsburgh, etc., R. Co.* v. *Adams,* 105 Ind. 151; *Louisville, etc., R. Co.* v. *Wright,* 115 Ind. 378; *Edward Hines, etc., Co.* v. *Ligas,* 172 Ill. 315, 50 N. E. 225; *Island Coal Co.* v. *Greenwood,* 151 Ind. 476; *Lauter* v. *Duckworth,* 19 Ind. App. 535; *Binford* v. *Johnston,* 82 Ind. 426; Bus. Per. Inj., p. 98; *Cleveland, etc., R. Co.* v. *Adair,* 12 Ind. App. 584; *Indiana, etc., R. Co.* v. *Barnhart,* 115 Ind. 399; *Hawkins* v. *Johnson,* 105 Ind. 29; *Summit Coal Co.* v. *Shaw,* 16 Ind. App. 9.

Appellant's learned counsel complain of the refusal of the court to give instructions numbered two and six, respectively, as requested, and the modification, and giving as modified, of instructions seven, ten, and eleven, set out as reasons in the motion for a new trial. Instruction two is a correct statement of the law, but it is not applicable to the facts in the cause. It was drawn upon the theory that appellee was passing over appellant's land for his convenience and pleasure. The evidence does not warrant the assumption. He was in the employ of appellant, was to be fed and lodged, and was on his way to find lodging by a direct route at the time he received the injury, and was looking for lodging under the direction of appellant. There is some conflict in the evidence upon that point, but it was for the jury to reconcile such conflict. Instruction six was to the effect that if on the night in question appellee was not given

any direction as to the way to take to Ora, and that if he did not return to the town of Ora, over the route traveled by him when he came to said tent, but chose another way, with which he was not familiar, in which he fell into the well, mentioned in the complaint, that he could not recover.  This instruction would have taken from the jury the consideration of the question of contributory negligence, as a fact,—a question which was properly submitted to the jury.  Instructions seven, ten and eleven requested by appellant were open to the same objection.  Given as modified, they correctly stated the law.

A careful examination of the whole record leads to the conclusion that the cause was fairly tried and a correct result reached.  Judgment affirmed.