Republic Iron & Steel Company v. Jones.

[No. 4,534.  Filed December 8, 1903.  Motion to modify mandate overruled January 12, 1904.]

Master and Servant.—*Negligence.*—*Contributory Negligence.*—In an action against the master for injuries sustained by a servant employed in a rolling mill by contact with a post, the existence of which the servant was familiar, and of which he had complained to the master, the fact that the servant was absorbed in the work at the time of the accident was proper for the consideration of the jury on the question of contributory negligence.  *p. 191.*

Same.—*Contributory Negligence.*—*Verdict.*—*Answer to Interrogatories.*—*Conclusion.*—Where in action against the master for injuries sustained by a servant in a rolling mill by colliding with a post, the ultimate facts found by the jury rendered the question of due care on the part of plaintiff uncertain, a finding by the jury in answer to an interrogatory that plaintiff could have avoided coming in contact with the post by the exercise of ordinary care is in irreconcilable conflict with a general verdict for plaintiff.  *pp. 191, 192.*

From Clay Circuit Court; *P. O. Colliver*, Judge.

Action by Thomas W. Jones against the Republic Iron & Steel Company.  From a judgment for plaintiff, defendant appeals.  *Reversed.*

*G. A. Knight, W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller*, for appellant.

*S. D. Coffey* and *S. M. McGregor*, for appellee.

Roby, J.—Action by appellee to recover damages from appellant on account of personal injuries received by him while in its service.  He is alleged in the complaint to have been employed as a heater in appellant's rolling-mill, part of his duty being to put iron in a furnace by means of an iron instrument about eight feet long, one end of which was flattened so that the iron would lie thereon, there being a ring or handhold on the other end.  It is alleged that appellant failed to furnish appellee a safe place in which to work, in that one foot east of the mouth of the furnace and seven feet south thereof was an oak post six inches thick

and twelve inches wide, a part of the building, and that by reason of appellant's negligence in locating said furnace and post there was not sufficient room to perform the work, and appellee's working place was rendered dangerous on account of the liability of the operator to strike his person against said post while handling said iron instrument. It is alleged that appellee discovered the unsafe condition of said place, and complained thereof to appellant's superintendent, who promised to make the place safe by taking out the post and putting in a hanger; that appellee continued to work, in reliance upon said promise, but within two days thereafter he struck his knee against said post, receiving the injury complained of. The cause was submitted to a jury for trial, and a general verdict returned for $1,999.95, together with answers to interrogatories.

Appellant's motion for judgment on the interrogatories and their answers notwithstanding the general verdict was overruled, and judgment rendered on the general verdict. No other question raised need be decided than that arising upon this motion, which is based upon the claim that such interrogatories and answers establish contributory negligence.

The answers to interrogatories show facts as follows: Appellee had been a heater for twelve or thirteen years. He was an efficient man, had worked five years in the mill before he was injured, and at the furnace where he was hurt two or three days. He was charging iron into the furnace when injured, using a "peel," an instrument eight feet one inch long, made of two-inch iron, flattened at the end for eighteen inches to a width of three and three-quarter inches. The furnace door was two and a half feet from the ground. The fore plate of the furnace door was five and a half inches wide. The package of iron he was putting into the furnace when injured was two feet long, four inches wide, and four and a half inches thick. It was placed on

the "peel" by a helper, one end of the "peel" resting on the fore plate of the furnace, the other being held by appellee. The furnace opened to the south. There was a post eleven inches square located about eight feet from the furnace door, and six inches east of the east side thereof. Said post was open and apparent to appellee's observation. He knew its location. He was injured while working at the east door of the furnace. He was in constant danger of being injured by reason of such post while at his work. He knew of the danger. He failed to pay any heed to the post, his attention being upon his work. It was possible for him to have avoided coming in contact with the post. He was injured August 2, 1899. "39. Could the plaintiff, by the exercise of ordinary care, have avoided coming in contact with said post? A. Yes." The utmost that can be said of the facts, as exhibited, excluding interrogatory thirty-nine, is that the question of contributory negligence is left in doubt. Appellee's knowledge of the danger, his experience and skill, the character of the work, the distance of the post from the furnace door, were facts which it was the province of the jury to consider and weigh. That appellee was absorbed in the work he was doing was also a fact to be considered by it. *Cincinnati, etc., R. Co.* v. *Long*, 112 Ind. 166, 171.

The general verdict includes a finding by the jury that appellee was guilty of no negligence contributory to his injury. If interrogatory thirty-nine calls for, and the answer thereto states, a "mere conclusion," this court can not say that the jury, in view of the facts detailed, had no right to find for appellee. On the other hand, if interrogatory thirty-nine and its answer are to be considered, the general verdict can not stand, for the standard for appellee's conduct was one of ordinary care, and the failure to exercise it was contributory negligence. The distinction between "ultimate facts" and "mere conclusions" is an interesting one, as is evidenced by the following extract: "It some

times happens that facts are so close to the line dividing the inferential facts from the evidentiary facts that the only safe plan is to put them into the special verdict, where they can do no harm if they should turn out, in the opinion of the court, to be evidentiary facts, and where their absence might be fatal if they should turn out to be inferential facts." *Louisville, etc., R. Co.* v. *Miller,* 141 Ind. 533, 550.

The rule by which the effect of the answer to interrogatory thirty-nine must be determined is stated as follows: "First and foremost the jury must find the ultimate facts. If these are such that only one inference may be drawn from them, viz., negligence or no negligence, the jury need not find the inferential fact also, and the court will determine as a matter of law, from such facts found, whether there was or was not negligence. If, however, the ultimate facts are such that reasonable men of equal intelligence may honestly and rationally differ as to the inferences and conclusions to be drawn from such facts, it is for the jury to determine the inferences also; and in such cases these must be stated in the verdict." *Cleveland, etc., R. Co.* v. *Hadley,* 12 Ind. App. 516. See, also, *Citizens St. R Co.* v. *Hoffbauer,* 23 Ind. App. 614; *Keller* v. *Gaskill,* 20 Ind. App. 502; *Keller* v. *Gaskill,* 9 Ind. App. 670; *Cleveland, etc., R. Co.* v. *Dugan,* 18 Ind. App. 435; *Board, etc.,* v. *Bonebrake,* 146 Ind. 311, 319; *Smith* v. *Wabash R. Co.,* 141 Ind. 92; *Louisville, etc., R. Co.* v. *Miller, supra; Cincinnati, etc., R. Co.* v. *Grames,* 136 Ind. 39; *Indiana Pipe Line, etc., Co.* v. *Neusbaum,* 21 Ind. App. 361.

The facts are fully stated. They leave the conclusion uncertain. It was therefore the province of the jury to settle the question. The answer to the thirty-ninth interrogatory settles it adversely to the appellee. The conflict between the general verdict and the answers is irreconcilable upon this one vital proposition.

Judgment reversed.　Cause remanded, with instructions to sustain motion by appellant for judgment notwithstanding the general verdict.