## The Lake Street Elevated Railroad Company v. Edward A. Fitzgerald, by next friend.

### Gen. No. 10,970.

1. SPECIAL INTERROGATORY—*when, relates to an ultimate fact.* A special interrogatory which required the jury to answer whether they found from a preponderance of the evidence "that the placing of the plaintiff's arm at the place he had it just prior and at the time it was hurt, was the exercise of ordinary care on his part for his own·safety," held, under the particular facts of this case,'to relate to an ultimate fact and that it was error to refuse to submit it to the jury.

2. COMPETENCY OF EMPLOYEE—*how, may be established.* Where the declaration in an action on the case for personal injuries charges negligence in employing incompetent men, it is proper to prove the competency of the men against whom the charge of incompetency is directed by calling for the opinions of experts who had previously examined such men for the purpose of ascertaining their competency for purposes of promotion.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed March 1, 1904.

**Statement by the Court.** This is an appeal from a judgment by appellee for personal injuries. Appellee was one of a switching crew of four men. He received the injury complained of when he was attempting to uncouple a car from the switch motor in order that it might be shoved or "kicked" back upon 'a track used for storage of such cars during the middle of the day when they were not required for use. The car had been uncoupled by appellee or cut off from a train, and he had coupled it to the motor to be

drawn back over a switch and then after the switch had been thrown over, to be "kicked" out upon the storage, or as it is called, middle track. When the car drawn by the motor had cleared the switch at the point of junction on this middle track, appellee, who was on the platform of the coach which was being switched over, reached his arm down between the motor and the car, waiting, as he testifies, for the "slack" that he might pull the coupling pin. While he was in this position the motor struck the bumping post at the end of the switch track. This suddenly checked the motor and brought the car against it with such force that appellee's arm was crushed between the car and motor, causing injuries which resulted in amputation the same day.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, for appellant.

WILLIAM A. DOYLE and W. P. BLACK, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant contends that the injury complained of was the result of appellee's contributory negligence and was not caused by any negligence of appellant. In support of the first of these contentions, evidence was introduced intended to show that appellee was injured in consequence of and while he was violating a rule of the appellant, in that he was undertaking to uncouple the coach from the motor while he was riding on the platform of the car. The rule referred to was promulgated in 1894, six years prior to the accident, and was posted on certain bulletin boards where it had been seen by a number of appellant's employees, by some of them a number of years before this accident; but it does not appear that it had ever been brought to the notice of appellee. The order was addressed to all conductors and guards and stated that " when putting on or taking off cars you are positively forbidden the practice of putting either your arms or legs between the car platforms." There were also other general rules, one of which required

employees "in all cases of doubt to take the safe side." It is insisted by appellant that the proper way to uncouple cars and the practice on this road was to wait for the motor to stop and then to get off the car and pull the pin, and that it was to prevent a practice of reaching down from the platform as did appellee, that the order first above referred to was issued. On the other hand it is claimed by appellee's attorneys that if there was such a rule it was habitually disregarded, and there is evidence given by a switchman employed at the place where the accident occurred to the effect that he had done the work from the platform as appellee was attempting to do when injured. It is claimed further that it was difficult to do the work in any other manner at that place, there being an incline there which made it difficult to uncouple when the car was still, the tendency being for it to move down the incline and take up the "slack" so that the coupling pin could not be removed. There is evidence also that this difficulty was greater because of the danger from the third or live rail to one on the tracks. The question whether appellee was exercising ordinary care at the time of the injury was important, and if the evidence was to be submitted to the jury appellant was entitled to an express finding upon that material point, if so desired. The court refused to submit a special interrogatory which required the jury to answer whether they found from a preponderance of the evidence "that the placing of the plaintiff's arm at the place he had it just prior and at the time it was hurt, was the exercise of ordinary care on his part for his own safety." The question related to an ultimate fact, which under the statute should have been submitted. R. S., chap. 110, sec. 58a; Chicago City Ry. Co. v. Olis, 192 Ill. 514, 518, and cases there cited. The question might perhaps have been more appropriately framed, but we are of opinion it called for a finding of an ultimate fact, upon a material issue.

It is urged that there was error in the admission and refusal of evidence. In this we are compelled to concur. Without referring to other like alleged errors complained

of, complaint is made of the refusal of the trial court to permit one of appellant's witnesses who had examined for promotion to his position the motorman in charge of the switch motor when the accident occurred, to state what as the result of said examination was his opinion as to the motorman's competency. The declaration charges negli-· gence of appellant in negligently and knowingly employing an incompetent man. We think the testimony should have been admitted. It was clearly proper for appellant to introduce evidence to show that the man was not incompetent, and the testimony of experts who had specially examined him for the purpose of ascertaining his competency as to the result of such examination was directly in point, and if as the result of the examination the witness found the man competent it was proper to admit the evidence as tending to show that he was not carelessly and negligently employed.

Our attention is called to other alleged errors which will probably not appear upon another trial, if the evidence introduced is confined as it should be to an effort to prove the averments of the declaration. As the case must be retried we refrain from discussion of the evidence, and of other points made in the briefs.

The judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*