Argued August 7, decided August 13, 1912.

## PALMER v. PORTLAND RY. L. & P. CO.

[125 Pac. 840.]

Street Railroads—Injuries to Pedestrian—Inconsistent Findings—Judgment on Special Verdict.

1. Under Section 155, L. O. L., which provides that, where a special finding of facts shall be inconsistent with the general verdict, the former shall control the judgment, where special findings, in an action for injuries from being hit by a street car, established that the plaintiff was guilty of contributory negligence, a judgment was properly entered for the defendant in spite of a general verdict for plaintiff.

TRIAL—INTERROGATORIES—EVIDENTIARY FACTS.

2. Where, in an action for injuries from being hit by a street car, defendant alleged that, though the plaintiff saw, or reasonably should have seen and heard, the car in time to have avoided a collision, she negligently and recklessly drove onto the defendant's track, and the reply denied it, a direct issue was raised, and a special finding that the plaintiff, by the exercise of ordinary care, could have seen the car in question approaching in time to have avoided the accident was not improper as a finding on an evidentiary fact.

TRIAL—SPECIAL VERDICTS—DISCRETION OF COURT.

3. The submission of special interrogatories requested is discretionary with the court.

TRIAL—SPECIAL VERDICTS—EFFECT OF IMPROPER FINDING.

4. An improper finding in a special verdict will not defeat the verdict, but may be disregarded.

TRIAL—INTERROGATORIES—SUBMISSION OF ULTIMATE FACTS—ORDINARY CARE OF PLAINTIFF.

5. An interrogatory, in an action for injuries from being hit by a street car, which submitted the question as to whether the plaintiff was in the exercise of ordinary care when hit, was not improper for its failure to submit whether there was ordinary care "under all the circumstances," where the jury were correctly and fully instructed thereon, as it submits an ultimate fact; the circumstances being the evidence from which the fact may be ascertained.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by Laura Palmer against the Portland Railway Light & Power Company, to recover damages sustained by plaintiff for injuries inflicted in a collision between an electric car operated on defendant's street railway and a buggy in which plaintiff was riding. This case was before the court on a former appeal, and is reported in 56 Or. 262, (108 Pac. 211). Another trial was had in the circuit court, resulting in a general verdict for plaintiff in the sum of $425. With the form of general verdict, the court submitted special interrogations, which, with the answers returned by the jury, are as follows:

"(1) Did the car of the defendant, described in the complaint, run at a greater rate of speed than 10 miles

per hour to the point of collision with the buggy in which the plaintiff was riding, as alleged in the complaint? Answer: Yes.

"(2) Did the motorman in charge of the car in question fail to ring the bell, or otherwise give warning to the plaintiff that the car was approaching her? Answer: Yes.

"(3) Could the motorman have stopped the car by the exercise of ordinary care, under all the circumstances after it became apparent that the plaintiff was crossing the track in front of the car? Answer: No.

"(4) Could the plaintiff, by the exercise of ordinary care have seen the car in question approaching her in time to have avoided the accident? Answer: Yes.

"(5) Could the plaintiff have avoided the collision by the exercise of ordinary care on her part? Answer: Yes.

"(6) Was the collision an unavoidable accident on the part of the defendant? Answer: No."

The testimony was the same as stated in the previous opinion, and need not be repeated here. The court entered judgment in favor of defendant upon the special verdict, disregarding the general verdict. Plaintiff appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs Carson & Brown,* with an oral argument by *Mr. Thomas Brown.*

For respondent there was a brief over the names of *Mr. Rufus A. Leiter, Mr. George G. Bingham* and *Mr. Franklin T. Griffith,* with an oral argument by *Mr. Leiter.*

MR JUSTICE MCBRIDE delivered the opinion of the court.

1. Taken as a whole, the findings of fact in the special verdict amount to this: That the defendant was operating its car at an unlawful rate of speed; that the motorman in charge failed to ring the bell, or otherwise give warning of the approach of the car, but that he could

not, in the exercise of ordinary care, have stopped the car after it became apparent that plaintiff was about to cross the track in front of it. These findings conclusively settle the fact of defendant's negligence. Conceding, for the purposes of this case, the proposition that finding No. 4 was upon an evidentiary fact, findings No. 5 and No. 6 conclusively establish the fact that the plaintiff, by the exercise of ordinary care on her part, could have avoided the accident, and that the collision was not unavoidable on her part. These findings are conclusive that plaintiff was guilty of negligence, contributing to her injury; and it was the duty of the court, under Section 155, L. O. L., to give judgement in accordance with the special findings.

2. We cannot agree with consel that finding No. 4 was improper as being merely a finding upon an evidentiary matter. In paragraph 2 of defendant's second defense, it is alleged that, "though plaintiff and her husband saw and heard, or reasonably should have seen and heard, said car approaching in time to adjust their course and avoid a collision," they negligently and recklessly drove their horse and buggy upon the track directly in front of defendant's approaching car, etc. This was denied by the reply, and thus a direct issue was raised as to whether plaintiff, in the exercise of ordinary care, might have seen the car in time to have avoided the collision.

3, 4. The court, in its discretion, might have refused to submit this interrogatory to the jury, and, for that matter, might have refused to submit any interrogatory requested; but, under the circumstances, we do not think its submission was improper, and if it were this would not necessarily be reversible error. It is a rule of practice that improper findings in a special verdict do not defeat the verdict, but should be disregarded. *Board of Commissioners, etc.,* v. *Bonebrake,* 146 Ind. 311 (45 N. E.

470) ; *Jones* v. *Caster*, 139 Ind. 382 (38 N. E. 812: 47 Am.
St. Rep. 274) ; *Equitable Ins. Co.* v. *Stout*, 135 Ind. 144
(33 N. E. 623).

5. It is claimed that the court erred in submitting
interrogatory No. 5 to the jury without adding to it the
words, "under all the circumstances," but this qualifica-
tion was given in the general charge in this language:

"It is for you to determine whether the defendant
departed from the rule of ordinary care under all the
circumstances, and under the instructions I have given
you; and it is for you to determine whether, under all
the circumstances, the plaintiff departed from the rule
of ordinary care in a way to contribute to her injury."
And again: "Ordinary care is such care as a reasonably
prudent person would exercise in his own behalf over
his own affairs under like circumstances."

The duty of the jury to consider all the circumstances
is referred to in other parts of the charge, and is made
especially prominent. Now, the ultimate fact is the exer-
cise of failure to exercise ordinary care. The circum-
stances of the accident are not the ultimate fact, but are
evidence by which the ultimate fact is to be ascertained;
and, after the explicit instruction of the court to the
jury as to the weight and attention they give to all
attendant circumstances, it was unnecessary to require
them to state, in answer to an interrogatory, that they
had done the very thing that the court had by repeated
instructions directed them to do. This instruction, given
in substantially the same language is approved in the
following cases: *C. & N. R. Co.* v. *Dunleavy*, 129 Ill.
132 (22 N. E. 15) in which case the court said: "The
question substituted by the court submitted to the jury
a material and controlling fact, and one which could
properly be made the subject of a special finding." See,
also, *Republic Iron & Steel Co.* v. *Jones*, 32 Ind. App.
189 (69 N. E. 191) ; *Lake St. Elevated R. R. Co.* v.
*Fitzgerald*, 112 Ill. App. 312; *Chicago City Ry. Co.* v.
*Taylor*, 170 Ill. 49 (48 N. E. 831).

Finding no error in the record, the judgment of the circuit court will be affirmed.        AFFIRMED.

MR. JUSTICE BURNETT took no part herein.