Argued July 23, decided July 29, 1913.

# JONES *v.* NATIONAL LAUNDRY CO.

### (133 Pac. 1178.)

**Master and Servant—Injuries to Servant—Contributory Negligence—Question for Jury.**

1.  Whether a servant, who was injured by defective shafting in a laundry, was guilty of contributory negligence in failing to stop the machinery before making repairs, *held*, under the evidence, a question for the jury.

**Master and Servant—Injuries to Servant—Assumption of Risk.**

2.  A servant does not assume hazards which he does not know of and appreciate, since he has a right to presume that the master has furnished him a safe place to work.

[As to the doctrine of assumption of risk in the law of master and servant, see notes in 97 Am. St. Rep. 884; 98 Am. St. Rep. 289.]

**Negligence—Contributory Negligence—Question for Jury.**

3.  The question of contributory negligence is for the jury under the test of whether the plaintiff acted as a reasonably prudent man would act under like circumstances, unless the testimony is so plain that his negligence contributed to the injury that no reasonable man could arrive at any other conclusion.

From Multnomah: HENRY E. McGINN, Judge.

Department No. 1.    Statement by MR. JUSTICE BURNETT.

The plaintiff, Ira A. Jones, describing himself as an able-bodied man aged 40 years, with an expectancy of 28 years, an engineer by vocation, whose services were reasonably worth $80 per month, states that he was employed in that capacity by the National Laundry Company, a corporation, in its steam laundry, and that his duties required him to work in and about the machinery of the establishment.   He further avers, in substance, that while he was thus engaged the manager and another employee of the defendant made an addition to the main horizontal driving shaft of the machinery, which added shafting was broken or wrenched

or bent in some way unknown to the plaintiff, but in such manner that it did not fit as it was designed and was a dangerous and insufficient piece of machinery, unprotected by any safety applicance or boxing, and was left unguarded and insecure, all of which was unknown to the plaintiff. He states that he was required to work about this appliance, and while engaged in the performance of his duties his clothing was caught by the defective shafting, whereby he was injured in the manner stated in his complaint, all to his damage in a sum stated. He attributes his injuries to the fault and neglect of the defendant in not furnishing a safe place in which plaintiff was to perform his duties.

The truth of the complaint is challenged in material particulars by the answer. The defendant affirmatively states that the plaintiff was the chief engineer of the laundry plant and had control of the operation of the machinery, assisted in installing the additional shafting, and knew all about its condition; but with such knowledge, and while the machinery was in motion, without orders or suggestions from the defendant, he voluntarily climbed upon some boxes, stood close to the shaft so newly installed, and attempted to adjust the same while it was in rapid revolution, in consequence of which his clothing came in contact with the appliance mentioned, whereby he received his injury, all on account of his own contributory negligence. The second defense was that with full knowledge of the situation he assumed the ordinary risks of the employment and was injured without fault of the defendant.

The answer being traversed, the plaintiff at the end of a jury trial recovered a verdict and judgment, from which the defendant appeals.        AFFIRMED.

For appellant there was a brief over the names of *Mr. George W. Stapleton* and *Mr. G. Evart Baker,* with an oral argument by *Mr. Stapleton.*

For respondent there was a brief over the names of *Mr. Isham N. Smith* and *Mr. John F. Logan,* with an oral argument by *Mr. Smith.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. At the close of plaintiff's case the defendant interposed a motion for nonsuit, specifying as grounds therefor that the testimony was insufficient to show any act of negligence on the part of the defendant which resulted in plaintiff's injury; that the testimony shows that plaintiff was in absolute charge of the machinery, and that his conduct in getting upon the boxes and standing in a position where his clothing was caught, when he had power to close down the machinery, amounted to contributory negligence; further, that all dangers incident to the repair or adjustment of the shaft in question, as the plaintiff attempted to make them, were obvious, open and apparent to any person of ordinary intelligence, and that the plaintiff knew and fully realized the danger of the situation. In connection with the motion for nonsuit, the defendant asked the court to pass upon the question of contributory negligence as a matter of law, and not to submit the same to the consideration of a jury. The case turns upon whether or not the court erred in overruling the motion for nonsuit and in not deciding as a matter of law that the plaintiff was guilty of contributory negligence.

The testimony tends to show, on the part of the plaintiff, that the defendant had proposed to install an additional washing machine in its plant, which was to be connected with the main line of overhead shaft-

ing.   To supply power for the new machine, it became
necessary to add to the shafting.   While the plaintiff
was engaged in setting up the machine, the manager
of the plant called upon him for measurements of the
length of shafting required, which the plaintiff sup-
plied.   The manager then procured a piece of shafting
which had been broken off of one formerly used.   The
piece was five or six feet long and, being supplied at
one end with a safety coupling, was connected to the
shafting then in place and supported by a hanger.
The outer end of this shaft was where the break had
occurred, and projected about 18 inches beyond the
hanger.   The fracture was a diagonal one.   There is
some dispute in the testimony about it having been
battered, but the piece in evidence shows that, whether
battered or not when put in place, it was still rough
and jagged.   There is a dispute in the testimony about
whether plaintiff knew of the condition of the shafting
or not.   The testimony on his behalf is to the effect
that, although he knew in a general way that a piece
of shafting was to be installed, he was not aware of
its condition.   He testifies that he was required to
make repairs and adjustments while the machinery
was in motion, and that he was specially employed to
keep it going continually so as not to incur loss by
having to lay off a large number of employees while
repairs were being made.   The testimony tends to
show that the additional shafting was installed after
the machinery had stopped on Saturday night; that on
Monday morning, as required by plaintiff's general
duties, he started up the machinery, and, discovering
by the sound that the shaft was out of order, he climbed
up to adjust it while it was in motion.   He says it
was revolving at 250 revolutions per minute, and while
it was thus in motion he could not detect that it was
rough and liable to catch his clothing.   Of course his

testimony on that subject is in some respects disputed by the testimony of the defendant.

The principal question presented for our consideration is whether or not, under these circumstances, the court should have declared as a matter of law that the plaintiff was guilty of contributory negligence so as to defeat his recovery. It is urged by the defendant that an employee who chooses a dangerous place to work where a safe one is open to him, or where there is a safe way and a dangerous way to perform the work, and the employee whose business it is to do the work voluntarily chooses the dangerous one and is injured, he cannot recover. This may be all true if the facts justify such a conclusion. But there is testimony here to the effect that the plaintiff was required to adjust machinery and make repairs without stopping it, so that it still is a question for the jury to determine whether or not there were two ways in which he might have accomplished his task.

2. The defendant also argues that the plaintiff assumed the risk arising naturally from his employment and the hazards which are apparent or which he knows and appreciates. But the question is whether under these circumstances the plaintiff did know or appreciate the hazards to which he was exposed in adjusting the shaft. He had a right to rely upon the principle that the master had furnished him a reasonably safe place in which to perform his duties. He said he did not himself know anything of the condition of the piece of shafting which had been installed, and, being required to repair it while it was in motion, he could not see that it was jagged at the end so as to be liable to catch his clothing.

3. The ultimate question to be determined by the jury as to the allegation of plaintiff's contributory negligence was whether or not he acted as a reasonably prudent man would act under like circumstances

and under similar conditions. The question of contributory negligence is peculiarly a question of fact for the jury: *Palmer* v. *Portland Ry. L. & P. Co.*, 62 Or. 539 (125 Pac. 840), and authorities there cited.

Given the hypothesis that the plaintiff was required to perform his work while the machinery was in motion, that he did not know the condition of the newly installed shafting, and could not know it on account of it being in rapid motion, the court could not as a matter of law say that he was guilty of contributory negligence in undertaking to adjust it under those circumstances. The conditions surrounding the performance of labor are so numerous, varied and complex that it is impossible to lay down specific rules of law to govern every case in advance. Manifestly, all the court can do is to enunciate general principles to guide the jury. The standard of conduct imputed to plaintiff in such cases is that ordinarily adopted by a reasonably prudent man in his situation and with his knowledge under like circumstances. Whether he did so act or not must be determined by the jury, unless the testimony is so plain against him that no reasonable man could arrive at any other conclusion than that he himself was negligent in a way contributing to his own injury. It is common knowledge that engineers work about machinery and often make important adjustments of it while it is in motion. The case here is strengthened by testimony to the effect that the plaintiff was required to do so by the terms of his employment. Honest men may reasonably differ in opinion about whether or not he departed from the legal standard of care in this instance; hence the Circuit Court was right in refusing to take the case from the jury.

The judgment is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.