Argued January 16, reversed February 5, costs taxed February 19, 1929.

# COLUMBIA RIVER DOOR COMPANY *v.* G. W. PRIEST ET AL.

(274 Pac. 116.)

For appellant there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble,* with an oral argument by *Mr. Dan J. Malarkey.*

For respondents there was a brief over the name of *Mr. Thos. A. Hayes,* with an oral argument by *Mr. Chas. C. Hall.*

BELT, J.—This is an action to recover damages on account of alleged fraudulent representations made by defendants relative to two tracts of timber land which they exchanged for property owned by plaintiff. On November 15, 1922, the Morgan Razor Works, a corporation, entered into a written contract with defendants to exchange certain goods, wares and merchandise for two tracts of timber land, one located in Lane County and the other in Douglas County. The contract relative to the tract in Douglas County recited that there were "six million feet of good merchantable timber, more or less." As to the tract in Lane County it was covenanted that it contained "four million feet, more or less, of good merchantable timber." When this agreement was executed, and for some time prior thereto, the plaintiff was the owner of all of the stock in the Morgan Razor Works and it appears from the undisputed testimony that the latter company was acting as agent

for the plaintiff in this transaction. It was provided that the deed of conveyance to be executed by defendants was to be delivered to the Morgan Razor Works or its assigns. Pursuant to this contract, defendants, on November 27, 1922, executed and delivered the deed to the plaintiff, Columbia River Door Company. In this conveyance the timber was described in the exact language set forth in the contract. Plaintiff alleges that the representations relative to the amount of timber on these two tracts were false and fraudulent in that there were only 3,335,000 feet of timber on the Douglas County tract and 1,130,000 feet of timber on the Lane County tract. The issue of fraud was submitted to a jury and a verdict was rendered as follows: "We, the members of the jury, duly impaneled and sworn to try the above entitled cause find the defendants not guilty of any false representation, and our verdict is for defendants." From the judgment entered thereon the plaintiff appeals asserting that the special finding of fact as made by the jury, that the defendants were not guilty of any false representation, is contrary to the undisputed testimony.

1, 2. It affirmatively appears from the record that the verdict is controlled by the special finding of fact: Section 155, Or. L.; *Palmer* v. *Portland Railway, Light & Power Co.,* 62 Or. 539 (125 Pac. 840). If there was no evidence to support this finding made by the jury it necessarily and logically follows that its verdict based thereon cannot be sustained. There is no conflict in the evidence as to the amount of timber on the land. It is less than half the quantity represented by defendants in their contract and deed. The words "more or less" would permit a slight and immaterial variation from the quantity specified, but it

would amount to misrepresentation and breach of warranty where there is such a substantial and material variance as disclosed by the undisputed testimony in this case: *Brawley* v. *United States,* 96 U. S. 168 (24 L. Ed. 622); *Pine River Logging Co.* v. *United States,* 186 U. S. 279 (46 L. Ed. 1164, 22 Sup. Ct. Rep. 920); *Creighton* v. *Comstock,* 27 Ohio St. 548; 3 Words & Phrases (Second Series), 445 and 2 Bouvier's Law Dictionary (Third Revision), 2247. The court, as a matter of law, might well have so declared.

3–6. Whether plaintiff was induced to exchange its property by reason of these false representations and whether it sustained damage as a result thereof are questions of fact for the jury to determine. If defendants' contention be true that plaintiff was not damaged in this exchange of property, even though false representations were made, that, of course, would preclude a recovery by the plaintiff. Evidence tending to show that defendants did not understand that they were representing the amount of timber specified in the contract and deed would be inadmissible under the issues as made by the pleadings. The terms of a written instrument cannot thus be altered or varied. The court, however, should be liberal in admitting testimony showing the facts and circumstances surrounding this transaction, as the jury must determine the issue of fraud.

Since the verdict is contrary to the court's instructions and the undisputed testimony, it follows that the judgment entered thereon is reversed and the cause remanded for a new trial.     REVERSED.

COSHOW, C. J., and BEAN and BROWN, JJ., concur.