## NATOMA WATER AND MINING CO. *v.* McCOY *et al.*

The owners of a ditch, by which the waters of a stream have been first appropriated, are entitled to recover damages for injury or loss sustained, caused by dams or other obstructions having been erected on the stream, above the head of the ditch, by which the regularity of the flow of its waters is so disturbed as to cause actual injury or loss to the proprietors of the ditch.

On the trial of an action to recover such damages, proof that in consequence of the irregularity of the flow of water, the owners of the ditch have lost their customers, is competent evidence.

APPEAL from the District Court, Sixth Judicial District, City and County of Sacramento.

This action was commenced on the twenty-first day of June, 1861. The complaint averred, that plaintiffs for four years had owned and possessed a water ditch, starting out of Alder Creek, about 'one mile below Prairie City, by which ditch plaintiffs had appropriated and used the waters of said Alder Creek for mining purposes, during all that time, except as disturbed by defendants ; and that defendants, about the first day of June, 1861, had erected a dam across Alder Creek, about one-half a mile below Prairie City, by which they had obstructed the flow of water in Alder Creek ; and that plaintiffs had suffered great loss by means of the irregularity of the flow of water, and would sustain a loss of one hundred dollars per week, in future, etc.   The answer set up that defendants

Natoma Water and Mining Co. *v.* McCoy.

were miners, and had entered upon the bed of Alder Creek, for mining purposes, and had erected a dam and placed some twenty sluice-boxes in the bed of the creek, each about twelve feet long, and that by means of the dam, they conducted the water through the sluice-boxes, and emptied it again into the creek, about one-fourth of a mile above plaintiffs' dam.   The answer also denied that plaintiffs had sustained, or would sustain any injury from defendants' acts.   The jury found a verdict for defendants.   Plaintiffs moved for a new trial, which was denied by the Court, and from the order denying a new trial, plaintiffs appealed.

*A. P. Catlin,* for Appellants.

Defendants are liable to the plaintiffs for the damages sustained by them, by the detention of the body of water confined in the dam and reservoir of the defendants.   (*Bear River Co.* v. *York Mining Co.,* 8 Cal. 327.)   Second, defendants are liable for the damages caused by the irregularity in the flow of water caused by them. (Id.)   This is not a case of conflicting evidence upon any of the facts.   The defendants simply claim that they, as miners, have a right to use the water in the manner in which they did use it.   In regard to their manner of using it, there is no conflict of evidence. The only evidence introduced by the defendants, is to the effect that the natural and usual flow of Alder Creek varied upon different days, being more on some days and less on others.   If this were so, it does not justify defendants in causing additional irregularities.

*Frank Hereford,* for Respondents.

I deem it entirely unnecessary to file any extended brief in reply to the argument of the appellants, or the authorities cited by him. As to the objection that the Court erred in striking out evidence, which tended to prove a loss of customers, I think the authorities cited by the appellants show that the Court was correct in holding that it was too remote.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover damages, arising from an irregularity

of the flow of water to the plaintiffs' dam and ditches, on Alder Creek, caused by a dam erected by the defendants on the creek above. The right of the prior appropriator of water to recover damages for such an injury was settled by this Court, in the case of *The Phœnix Water Co.* v. *Fletcher* (23 Cal. 481).

At the trial, the Court excluded the evidence offered by the plaintiffs, to show that the irregularity of the flow of water was a material injury to them, as in consequence of such irregularity they lost their customers, who refused to purchase water from them. In the case above referred to, it was held that a mere temporary or trivial irregularity in the flow of water, such as does not cause actual injury to the proprietor below, would not amount to an actionable injury. The question will turn, in such cases, upon the nature and extent of the injury. In such cases, evidence of the kind offered by the plaintiffs, was clearly admissible, as showing that the damage to the plaintiff was not trivial or temporary, but of such a character as to cause actual and serious injury to him. More pertinent evidence to prove that fact, could hardly be produced. The Court, therefore, erred in excluding it. The fact that the defendants are miners, and hold the water back, causing it to flow irregularly to the plaintiffs, who are prior appropriators of the waters of the stream, does not take the case out of the rule laid down in the case of *The Phœnix Water Co.* v. *Fletcher.*

The judgment is reversed, and the cause remanded for a new trial.