MATHIAS PINT *vs.* HENRY F. BAUER and another.

July 11, 1883.

**Requisites of Special Verdict.**—A special verdict must find all the facts which are requisite to enable the court to say, upon the pleadings and verdict, without looking into the evidence, which party is entitled to judgment; and such facts should be found so clearly and unequivocally as not to leave them to be made out by argument or inference.

**Same—Findings held Insufficient.**—The findings of fact in this case considered, and *held* to be so ambiguous and inconsistent as to be insufficient to sustain the judgment.

Appeal by plaintiff from a judgment of the district court for Scott county, *Macdonald*, J., presiding.

*H. J. Peck*, for appellant.

*R. H. McClelland*, for respondent.

MITCHELL, J. The allegations of the complaint are that there was a natural watercourse or creek on defendants' land, which flowed into a basin, also situated on defendants' land, and there disappeared by percolation or absorption; that defendants dug ditches upon their land, and, with dirt, logs, plank, and timber, dammed up the natural course of said waters, and thereby diverted them from their natural and usual channel, and turned the same in a volume in and upon the lands of plaintiff, to his great damage. The relief prayed for is damages, and an injunction to restrain a continuance of the alleged trespass. The defendants in their answer deny that they have diverted

the water from its natural course, and allege that the natural outlet for it was over and across plaintiff's land, and that all they have done was to remove artificial obstructions, such as sand, gravel, and wood, which had washed into the natural channel, so as to permit the water to follow its usual and natural outlet. The cause was tried with a jury, to whom was submitted a series of specific questions of fact evidently framed with the intention of covering the whole case. These questions, so far as here important, together with the answers of the jury, were as follows:

(1) "Does the natural watercourse (so called) or outlet, which drains the surplus waters complained of, extend from the lands of defendant Lydia Bauer over and across the lands of plaintiff, described in the complaint, and is the natural drainage of said surplus waters over and across said premises of plaintiff?" *Answer.* "Yes." (5) "Was the ditch complained of dug wholly in an embankment of sand and gravel, which had been deposited there, since the settlement of the county in 1854, by the running waters complained of?" *A.* "Yes." (6) "Have the defendants, by digging in or removing materials of any kind from the said watercourse or outlet, done any more than remove therefrom sand, gravel, wood, and other material which had been washed in there, and was an obstruction and interference with the original and natural bed of such watercourse or outlet?" *A.* "No." (8) "Have defendants, or either of them, in any manner obstructed, or interfered with, or changed the said natural watercourse, outlet, or drain, so as to cause more of the said waters to flow upon and over said premises of the plaintiff than would flow over them if said watercourse, outlet, or drain, was in its natural condition, and undisturbed by said defendants, or either of them?" *A.* "Yes."

Upon these findings each party moved for judgment, whereupon the court ordered judgment for the defendants, and plaintiff appeals.

This case illustrates the difficulties liable to arise from the very questionable practice of attempting to submit to a jury all the questions of fact in an action involving issues of a purely equitable nature. Our Code, following the analogy of the former equity practice, provides for the submission to a jury of questions of fact in cases tri-

able by the court. But usually this ought only to be done where the question is a simple, well-defined issue of pure fact, in its nature peculiarly appropriate to be submitted to a jury, and upon which the evidence is likely to be conflicting. Such are the questions of the genuineness of a disputed signature, or whether a deed said to be lost ever existed, or, under certain circumstances, the question of actual fraud; also, the assessment of damages. But ordinarily, in equitable actions, the questions involved are too complex to be conveniently tried by a jury—a tribunal never designed for the trial of such cases. It will usually be found difficult, in advance of hearing the evidence, to frame a series of questions in such cases that will fully and fairly cover the entire case, and not leave some room for doubt or difficulty after verdict.

In the present case the difficulty arises from the apparent inconsistency between the answers to the fifth and sixth questions, and that to the eighth. According to the answers to the two former questions, the jury have found that, in digging the ditch, and removing materials from the watercourse or outlet referred to, the defendants have only removed material which had been deposited there since the settlement of the county, and which formed an obstruction in the natural bed or channel of this watercourse. This, it is conceded, they had a right to do. But, in their answer to the eighth question, the jury have found that the defendants have obstructed and changed the natural watercourse or outlet, so as to cause more water to flow upon plaintiff's land than would flow thereon if this watercourse was in its natural condition. The acts referred to in this last answer might not be the acts referred to in the answers to the fifth and sixth questions, for defendants might have dug a ditch in, or removed materials from, one part of the outlet or channel, and obstructed it or diverted the water at another part. If so, the defendants might have had a legal right to do the first of these things, and not the last. Or the acts referred to in the answer to the eighth question might be the same acts referred to in the answers to the fifth and sixth questions. If so, the answers would appear to be inconsistent, for it is to be presumed that the word "natural," as applied to this watercourse, was used in the same sense in both cases. It is quite possible, as sug-

gested by the court below, that, in answering the eighth question, the jury may have understood the expressions "natural watercourse" and "natural condition" as referring to the condition of such watercourse immediately before the digging, etc., referred to in the fifth and sixth questions; but this is mere conjecture, and a verdict should find the facts so clearly and unequivocally as not to leave them to be made out by argument or mere inference. Special verdicts must find all the facts which are requisite to enable the court to say, upon the pleadings and verdict, without looking into the evidence, which party is entitled to judgment; and when a verdict is imperfect by reason of ambiguity or uncertainty or inconsistency, it is a mistrial, and a new trial must be granted. This, in our opinion, is the character of these findings.

Judgment reversed, and new trial ordered.