JANE RILEY *vs.* WILLIAM B. MITCHELL, Administrator.

October 6, 1886.

Husband and Wife—Assignment to Wife of Moneys to be Earned.—
An agreement between husband and wife that the latter shall receive the compensation to be earned by her in nursing a boarder in the family, who pays the husband for his board, vests in her any claim accruing on account of such nursing, and, there being no question of set-off or counter-claim, it is immaterial that the boarder does not know of such agreement.

The plaintiff, Jane Riley, presented to the probate court for Stearns county a claim of $885 against the estate of defendant's intestate, Anthony Fawcett, "for services as nurse bestowed at the special instance and request of said Anthony Fawcett, deceased, in waiting upon, caring for, watching with, and attending deceased." The claim was contested and disallowed, and the claimant appealed upon ques-

tions of law and fact to the district court for the same county, where the cause was tried before *Collins,* J., and a jury.

In answer to specific questions the jury made specific findings to the effect that both prior and subsequent to November 1, 1883, the plaintiff rendered services to Fawcett as a nurse, for which compensation should be made, and that the services prior to that date were worth 50 cents per day and those subsequent $2.50 per day, but they did not find for how many days the services were rendered. They also found that it was distinctly understood between plaintiff and her husband that she was to receive compensation from the demand for such services, but (in the 6th, 7th, 8th and 9th findings) that the deceased was ignorant of and did not assent to such understanding. The plaintiff's counsel excepted to the submission of the special questions, and requested the court to submit the case to the jury for a general verdict. The court refused so to do, and the defendant excepted. No general verdict was rendered, and judgment on the special findings was ordered and entered for defendant, from which the plaintiff appeals.

*H. L. Locke* and *D. W. Bruckart,* for appellant.

*D. B. & F. E. Searle,* for respondent.

GILFILLAN, C. J.    The jury had a right, in their discretion, to render a general or special verdict.   Gen. St. 1878, *c.* 66, § 236.   But the refusal of the court to send the case to the jury for a general verdict, or instruct them that they were at liberty to render one if they thought proper, would have been without prejudice, had the special findings fully and clearly covered all the issues in the case; for in that event the judgment would have followed the special findings, whatever the general verdict might have been.   The special findings, however, do not fully cover the case.

While it may be true that a married woman will not, solely by virtue of the provisions in Gen. St. 1878, *c.* 69, § 1, be entitled to moneys due from boarders or others, earned by her in and about the keeping and management of the family household, there can be no doubt that, under section 4, same chapter, she may become entitled to receive the same by virtue of a contract between herself and her husband.   We do not mean by this that they may stipulate for a pe-

cuniary compensation to be paid by one to the other for performing the duties that pertain to the relation, such as caring for and managing the family, and the household of the family, but confine the proposition to services rendered to others, and compensation from others for such services. The first and third findings by the jury are that plaintiff rendered to Fawcett, during his life, services as nurse, for which compensation should be made. We understand, and think the jury intended, that for these services compensation ought to be made in addition to the price paid to plaintiff's husband for Fawcett's board. The fifth finding is that there was a distinct understanding between plaintiff and her husband that she was to receive this compensation. This understanding, of course, could not create nor affect any liability on the part of Fawcett to pay for the services. But, assuming that such liability was incurred, that the services were rendered under such circumstances as raised the implication of a promise to pay for them, then the agreement between plaintiff and her husband might fix the ownership of the claim to compensation, just as an assignment after the claim accrued might. If there was a liability to pay for the services, (in addition to the price paid for board,) then (there being no question of set-off or counterclaim) it was immaterial that Fawcett did not know of the understanding by which the claim was to belong to plaintiff, and that he did not know that she (instead of the husband) expected to receive the pay; so that the sixth, seventh, eighth, and ninth findings were immaterial.

The facts found which are material are not sufficient to base a judgment on, so that there must be a new trial.

Order reversed.