EDWIN A. BOND v. JOHN D. STRYKER and Others.

July 8, 1898.

Nos. 11,063—(217).

**Fraudulent Conveyance—Finding Sustained by Evidence.**

In an action by a judgment creditor to set aside certain conveyances as fraudulent as to creditors, *held*, the evidence sustains the findings of the trial court in favor of defendants.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., denying plaintiff's motion for a new trial after a trial before the court without a jury. Affirmed.

*Walter Ayers,* for appellant.

*S. T. & Wm. Harrison,* for respondents.

CANTY, J.

This is a creditors' bill brought by a judgment creditor to set aside two conveyances of land alleged to have been conveyed away by the defendant John D. Stryker, the judgment debtor, in fraud of his creditors. On the trial the court below found for defendant, and from an order denying a new trial plaintiff appeals. Pursuant to a written contract dated October 4, 1893, Stryker and wife conveyed the land to defendant Patterson, a clerk in the office of a firm of which Stryker was a member. The deed is dated October 4, 1893, but was not recorded until May 2, 1894. Patterson conveyed to Stryker's wife by deed dated April 30, 1894, which deed has never been recorded. The land was conveyed to Patterson subject to a mortgage of $3,500, and tax assessments amounting to $250. He took the land subject to these incumbrances, paid for it $500 in cash, and agreed that Stryker should have the rents to be derived from the premises for 15 months thereafter, and should pay the taxes due January 1, 1894. The premises were rented for $70 per month. Patterson conveyed to Mrs. Stryker, subject to these terms, for a consideration of $500, which she paid him. The estimates of the witnesses as to the value of the property ranged from $6,000 to $8,400.

It is contended by appellant that the conveyance by Stryker and wife to Patterson, and the conveyance by him back to Mrs. Stryker,

were both a part of a fraudulent scheme of these three parties to put the property out of the reach of the creditors of Stryker, that the evidence conclusively establishes this, and that the findings of the court to the contrary are not sustained by the evidence.

We cannot so hold. True, the evidence discloses several badges of fraud, such as inadequacy of consideration, keeping the deeds off record, the confidential relations of the parties, and the fact that the grantor continued to enjoy the fruits of the possession after he had made the alleged fraudulent conveyance. But none of these is conclusive, neither are all of them. We cannot stop to recount the many circumstances which tend to prove fraud on the one hand, and those which tend to prove good faith on the other. We are of the opinion that the evidence would support a verdict for either party, and therefore the finding of the trial court is conclusive.

This is the only question raised having any merit, and the order appealed from is affirmed.