C. O. EKLUND v. L. R. MARTIN.[1]

November 21, 1902.

Nos. 13,187—(124).

### General Verdict.

A general verdict is supported by the presumption that all the issues or facts essential to support it were found by the jury in favor of the party for whom it was returned.

### Same—Special Findings.

Where the jury returns a general verdict, together with answers to specific questions or issues submitted to them by the court, such specific questions not being sufficiently full and complete to authorize a judgment thereon, the general verdict is presumed, there being no conflict or inconsistency between them, to cover all facts essential to support a judgment on the special findings.

### Judgment—Presumption.

In this action,—one to recover the value of certain personal property alleged to have been sold and delivered to defendant,—the jury returned a general verdict in plaintiff's favor, and also two specific findings of fact submitted to them by the court. The court subsequently, on motion, ordered judgment in plaintiff's favor for the amount of both general and special verdicts. *Held*, in the absence of a settled case or bill of exceptions, that the order of the court is presumed justified by the proceedings had before it, and, defendant having failed affirmatively to show error, it must be sustained.

Action in the municipal court of Duluth to recover $286.85 for wood sold and delivered. The case was tried before Edson, J., and a jury, which rendered the following verdict:

"In the above entitled action we, the jury, find for the plaintiff and assess his damages at $112.88."

"Was there an agreement to pay plaintiff the difference on freight saved between Stony Brook station and Columbia station on all wood shipped from Columbia station?" "Yes."

"What was the amount of freight saved on pulp wood shipped from Columbia station after such agreement was made, if such agreement was made?" "$105.18."

[1] Reported in 92 N. W. 406.

A judgment in favor of plaintiff for $218.06 having been entered upon this verdict, defendant appealed to the district court for St. Louis county. From an order, Ensign, Cant, and Dibell, JJ., reversing the judgment of the municipal court, plaintiff appealed to the supreme court. Reversed and remanded, with directions to affirm judgment.

*I. Grettum*, for appellant.

*John Jenswold, Jr.*, for respondent.

BROWN, J.

This action was brought in the municipal court of the city of Duluth to recover the value of certain pulp wood alleged to have been sold and delivered to defendant. The case was tried before the court and a jury, where plaintiff had a verdict, upon which judgment was entered; and defendant appealed to the district court, where the judgment was reversed. From the order of reversal, plaintiff appealed to this court.

The facts, as they appear from the record before us, are that plaintiff entered into a contract with defendant by which he agreed to deliver on cars at certain points on the Duluth, Mesaba & Northern Railway certain pulp wood at an agreed price per cord. Some of such wood was delivered at a station called Stony Brook, and some at Columbia Junction. There is no controversy about the fact that the contract was made between the parties, and that plaintiff delivered on the cars at those points a certain number of cords of wood. The dispute, according to the pleadings, was as to the number of cords furnished, and the price per cord. It was claimed by plaintiff that, for all wood shipped from Columbia Junction, plaintiff was to have added to the agreed price the difference in freight on the wood between that point and Duluth and between Stony Brook and Duluth. It was claimed that, subsequent to entering into the original contract for the sale and delivery of the wood, the same was modified by an agreement between the parties to that effect.

At the trial before the municipal court, two special questions were submitted to the jury to determine in addition to their general verdict. The questions were:

"(1) Was there an agreement to pay plaintiff the difference on freight saved between Stony Brook station and Columbia station on all wood shipped from Columbia station? (2) What was the amount of freight saved on pulp wood shipped from Columbia station after such agreement was made, if such agreement was made?"

The first question the jury answered in the affirmative; and the second, that the sum of $105.18 was saved in freight. They returned a general verdict for plaintiff, and assessed his damages at the sum of $112.88. Subsequent to the trial, and on motion of plaintiff, the municipal court ordered the entry of judgment in plaintiff's favor for the sum of $218.06; the same being the amount of the general and special verdicts. From that judgment defendant appealed.

No case or bill of exceptions was made, and the only record before the court, proper to be considered on the questions involved, is made up of the pleadings, the verdict of the jury, the motion for judgment, the order of the court granting it, and the judgment itself.

It is incumbent upon the party appealing in cases of this kind, or in any case where judgment has gone against him, in order to obtain a reversal, to show affirmatively error in the proceedings of the court; and, unless he does so, the judgment will be affirmed. The ground upon which the learned district court reversed the judgment of the trial court appears to be that the special findings of the jury are incomplete, leaving undetermined essential questions of fact necessary to warrant a judgment for the amount disclosed by those findings, and, further, that the presumption is that the general verdict included all damages which plaintiff was entitled to recover.

We are unable to agree with the district court. This is not a case where judgment is entered upon special findings alone, but upon a general verdict, coupled with special issues or questions determined by the jury in addition to those covered by the general verdict. The presumption is that a general verdict covers all issues and questions in the case, and if it be conceded that the special findings of the jury in this case, standing alone, were

insufficient to warrant a judgment in plaintiff's favor, because they did not cover all essential questions, the conclusive presumption is that the matters not covered by the special findings are included in the general verdict.

In any event, plaintiff was entitled to at least a judgment for the general verdict, and we are of opinion that defendant has failed to show error in the order of the municipal court granting judgment for the amount of the special verdict also. That order was based upon proceedings had in the municipal court which are not returned to this court by settled case, bill of exceptions, or otherwise; and we are bound to presume that the trial court proceeded regularly, and that the order complained of was fully supported by such proceedings. It is undoubtedly a case where the trial court desired to reserve the question whether plaintiff was entitled to recover the amount represented by the difference in the freight charges; and, from what appears from the record, the proper course was pursued. Defendant having failed to show that the municipal court was not authorized to make the order, it must be sustained. Coleman v. St. Paul, M. & M. Ry. Co., 38 Minn. 260, 36 N. W. 638; Crich v. Williamsburg City Fire Ins. Co., 45 Minn. 441, 48 N. W. 198; Lane v. Lenfest, 40 Minn. 375, 42 N. W. 84; Riley v. Mitchell, 36 Minn. 3, 29 N. W. 588; Pint v. Bauer, 31 Minn. 4, 16 N. W. 425; and Armstrong v. Hinds, 9 Minn. 341 (356),— cited by respondent in support of the action of the district court, are not in point. In those cases there was no general verdict to aid the special findings of the jury.

The order of the district court is reversed, and the cause remanded, with directions to enter an order affirming the judgment of the municipal court.