WILLIAM F. HUNT v. HENRY AHNEMANN and Others.[1]

December 30, 1904.

Nos. 14,126—(168).

**Fraudulent Conveyance—Reservation.**

Following Wetherill v. Canney, 62 Minn. 341, where a conveyance of real estate is made in good faith for the use of the grantee, and the reservation of a benefit to the grantor is incidental and partial, it is not void as to creditors, unless in fact made with intent to defraud them.

**Same.**

The rule applied in an action to set aside a deed, which was made in consideration of past services of the grantee to the grantor, coupled with his promise to share the crops with the grantor, and pay certain relatives part of the consideration therefor.

**Special Verdict.**

*Held,* upon the special verdicts of the jury, which were adopted by the trial court as its findings of fact, that the same support the conclusion of law that such conveyance was not fraudulent as to creditors.

[1] Reported in 102 N. W. 376.

Appeal by plaintiff from an order of the district court for Goodhue county, Williston, J., denying a motion for a new trial, after a trial and findings in favor of defendants based upon a special verdict. Affirmed.

*James E. Trask* and *Chas. H. Taylor,* for appellant.

*J. C. McClure* and *O. M. Hall,* for respondents.

DOUGLAS, J.

This action was brought to set aside a contract of sale and deed executed by Henry Ahnemann to his son Rudolph, involving a half section of land situated in Goodhue county, and to subject the same to the lien of a judgment for $22,072.75 in favor of plaintiff and against said Henry Ahnemann, recovered in 1903 upon his liability as the owner of capital stock in the Allemannia Bank.

It appears the Allemannia Bank became insolvent, and was placed in the hands of plaintiff, as receiver, on January 4, 1897. Said contract was made two years prior thereto, but the deed referred to, which was given pursuant to the terms thereof, was executed subsequent to such insolvency, to wit, March 13, 1897. Rudolph Ahnemann was then thirty seven years of age, and since his majority has continuously lived with his father, and assisted in the management of said farm. The father thereby agreed to convey said land to Rudolph in consideration of the delivery to him from year to year, during his life, of half the crops raised thereon, and also in consideration of the agreement of said grantee to pay certain sums of money to other children of the grantor upon the latter's death. It is not claimed that Henry Ahnemann was insolvent in 1895 or prior thereto; but in 1897 he was not, aside from said farm, the owner of property of sufficient value to discharge his statutory liability as such stockholder. It appears incidentally that such other property, of the value approximately of $7,000, and a like amount received by Henry Ahnemann from his son Rudolph upon said contract, has been taken under legal process and applied upon the judgment.

Against plaintiff's objection, the trial court submitted five controverted questions of fact to the jury, which were answered either "Yes" or "No," in the form of a special verdict, and adopted such verdict as its findings of fact, as follows:

First. That the defendant Henry Ahnemann at the time of the commencement of this action was not the owner of the lands described in the complaint, or any part thereof.

Second. That the defendant Henry Ahnemann at the time of the commencement of this action was not in the possession of the lands described in the complaint herein, except the eighty acres thereof held by him as his homestead.

Third. That said defendant Henry Ahnemann was at the time of the commencement of said action in possession of said eighty acres of said land as his homestead.

Fourth. That said defendant Henry Ahnemann did not, on or about June 3, 1897, or at any other time before or since said day, for the purpose of evading or avoiding the payment of any debt or liability of himself to said Allemannia Bank of St. Paul, or to said plaintiff as its receiver, or any of its creditors, or for the purpose or with the intent to hinder, prevent, or delay said bank or said receiver, or said creditors, or either of them, from collecting any debt or liability due or owing by him to said bank, receiver, or creditors, or either of them, make or deliver to said defendant Rudolph Ahnemann a contract of sale of said lands, or any part thereof, described in the complaint herein, or the deed of conveyance of said lands to said Rudolph Ahnemann.

Fifth. That the contract of sale and deed in said complaint mentioned were not, nor either of them, made by said Henry Ahnemann to said Rudolph Ahnemann without any consideration therefor.

—and thereupon found, as a conclusion of law, that plaintiff was not entitled to the relief prayed for, and directed judgment accordingly. From an order overruling plaintiff's motion to set aside the special verdict of the jury, and denying him a new trial, plaintiff appeals.

In Berkey v. Judd, 14 Minn. 300 (394), it was held that the legislature, by section 199, c. 66, G. S. 1866 (G. S. 1894, § 5361), authorized the submission to a jury of the whole issue in equitable actions. In so holding, the court said: "But this authority should only be exercised where the whole issue is such as to make a proper case for a

jûry trial. It does not change the rule as to what are proper issues for that mode of trial."

In Pint v. Bauer, 31 Minn. 4, 16 N. W. 425, the court, having under consideration an equitable action in which the whole issue was submitted, used the following language: "A special verdict must find all the facts which are requisite to enable the court to say, upon the pleadings and verdict, without looking into the evidence, which party is entitled to judgment, and such facts should be found so clearly and unequivocally as not to leave them to be made out by argument or inference."

In Stensgaard v. St. Paul Real Estate Title Ins. Co., 50 Minn. 429, 52 N. W. 910, it was held that the submission of such issues to a jury was largely discretionary with the trial court.

Applying the principles established in the above cases, we are of the opinion the trial court did not err in submitting the various questions to the jury for determination. Each involved a controverted question of fact, and, while the first question is extremely broad, still, when weighed in the light of the others submitted for a special finding, we do not consider the court violated a reasonable discretion in inviting a special finding thereon.

We are also of the opinion the special verdicts rendered were sufficiently broad and explicit to enable the court to say, upon the facts so found and the pleadings, which party was entitled to a judgment, without looking into the evidence. It does not appear that the deed from Henry Ahnemann to his son was for the principal or exclusive benefit of the grantor, or that it was voluntary. It is true, as shown by the pleadings, the instrument was executed after the indebtedness to the plaintiff arose, and at a time when the grantor was insolvent; but it was based upon, and made in compliance with, the terms of a valid written contract entered into with his son two years prior thereto, at a time when he was solvent, and before such stockholder's liability accrued. This written contract to convey the land in question to his son was based upon, and in fact represented in a more formal way, an agreement made between the parties sixteen years prior thereto, by which the father agreed to transfer such land to his son. The jury having found that said deed and written contract were not executed or delivered by Henry Ahnemann without consideration, or for the

purpose or with an intent to hinder, prevent, or delay said bank or receiver, or either of them, from collecting any debt or liability due or owing by him to said bank or receiver, and that Henry Ahnemann was not the owner of the land in controversy, and not in possession of any part of said land not exempt from execution at the time of the beginning of this action, we are of the opinion such findings negatived every material allegation of the complaint, and that the court was justified in adopting the same as its findings of fact, and in directing judgment thereon.

It fairly appears that the conveyances were for the use and benefit of the grantee, based upon a valid consideration, and the reservation of a benefit to the grantor was incidental and partial. It also appearing they were not made with an intent to defraud creditors, it follows under the doctrine established in Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818, that said contract and deed were not void as against plaintiff. McCord v. Knowlton, 79 Minn. 299, 82 N. W. 589, is clearly distinguishable. In that case the conveyances under consideration were contemporaneous. The deed was a voluntary conveyance to the daughter, ostensibly in consideration of services rendered, but in the absence of a prior agreement or understanding that she should receive compensation therefor.

In view of the fact that the issues were tried upon the assumption by both parties that the sole consideration entering into the transaction consisted of services of Rudolph theretofore rendered, and an agreement to be performed by him in the future, the instruction of the jury to the effect that they had a right to take into consideration the fact that the contract and deed recited a valuable consideration was not prejudicial.

We are of the opinion the record in other particulars is free from reversible error; that the special verdicts of the jury were sustained by the evidence; also that the findings of the court based thereon justify the conclusions of law adopted.

Order affirmed.