INGER BODKIN v. O. W. KERR.[1]

February 16, 1906.

Nos. 14,600—(198).

**Purchase of Debtor's Property by Wife.**

In an action by a judgment creditor of a husband to impress a trust upon real estate acquired by his wife, *held*, the evidence sustains a finding to the effect that the wife was a good-faith purchaser, for a valuable consideration, from parties who acquired title through mortgage foreclosure proceedings.

**Contract Between Husband and Wife.**

Although the ordinary services of a wife with respect to the family household inure to the benefit of her husband, she may enter into an arrangement with her husband to perform other duties in connection therewith for compensation. Where the husband, as sheriff of the county, enters into an arrangement with his wife that she is to board the county prisoners and receive the compensation therefor allowed by law, if in good faith and for the purpose of having the wife thus paid for her work, the husband acquires no interest in the money, nor in the property purchased by her therewith, and the same are not impressed with a trust in favor of the husband's creditors.

Action in the district court for Clay county to determine the adverse claims of defendant to real estate in possession of plaintiff. The case was tried before Baxter, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*W. R. Tillotson, H. R. Turner* and *Newman, Holt & Frame,* for appellant.

*C. A. Nye* and *M. R. Tyler,* for respondent.

LEWIS, J.

Respondent brought this action to quiet title to real estate. Appellant answered, denying that respondent was the owner of the premises, or that she was in possession thereof, and alleged that respondent's husband, W. J. Bodkin, was the real owner, and that the land had been conveyed to his wife for the purpose of defrauding his creditors. The

[1]Reported in 107 N. W. 137.

answer further alleged that appellant claimed title as a purchaser at an execution sale under a judgment recovered against Mr. Bodkin prior to the transfer of title to respondent.

The cause came on for trial, and the parties, by common consent and without objection, proceeded to try the case upon the theory that the pleadings presented two issues: That the title was conveyed from the husband to the wife for the purpose of defrauding his creditors, the land being subject to the judgment lien under which appellant claimed to have acquired title; but, if the title had been acquired by third parties through foreclosure and redemption, then the subsequent purchase of the land by the wife from such third parties inured to the benefit of her husband, the consideration having been furnished by him, and therefore she held the title impressed with a trust in favor of his creditors. These questions having been voluntarily litigated, we will not, upon this appeal, consider whether the answer was sufficient to present them as tried. For the same reason we cannot consider whether appellant's rights, if he had any, under the judgment, were barred by the statute of limitations.

1. During 1890 and prior years Mr. Bodkin was the owner of the premises in question, and, his wife joining, executed several mortgages thereon to secure indebtedness. Those mortgages were foreclosed, and the Red River Valley Investment Company and C. A. Nye, a judgment creditor, redeemed and acquired title to the premises, and thereafter sold the same to respondent. Appellant attacks the transaction as a fraudulent scheme, entered into by the Red River Investment Company, Nye, and Mr. and Mrs. Bodkin, for the purpose of transferring the property beyond the reach of Bodkin's creditors; and the evidence relied upon to substantiate the claim is that the land was of value far in excess of the mortgage liens, that Bodkin was heavily in debt, and that his wife had no funds with which to purchase the land. Although Bodkin was indebted about $5,000, it was during a reactionary period in values, and there was no active market for farm lands. The equity in the lands was not greatly in excess of the incumbrances, according to the testimony of some witnesses on value. The lien holders were evidently glad to get their money, and there is nothing substantial upon which to base a charge of fraud against them. As to whether Mrs.

Bodkin furnished her own money in purchasing the lands, we will treat that question hereafter; but, so far as it bears upon the question of fraud, we unhesitatingly say the evidence indicates that she was acting in good faith. Mr. Nye stated unequivocally that he thoroughly looked into the matter before investing his money; that he concluded it was a safe investment, but that he frankly told Mrs. Bodkin, if she could raise the money and buy the lands, paying him what he had invested, with reasonable interest, he would turn them over to her.

The judgment through which appellant claims title was a lien upon the premises prior to the foreclosure proceedings, and the judgment creditor was in position to redeem the same if he saw fit, and, if there was any such difference between the actual value of the land and the amount of the prior liens as he now maintains, it would have been an excellent investment for the judgment creditor at that time. The mere fact that no redemption was made, and that Mrs. Bodkin was permitted to acquire title and to rest unmolested for a period of ten years, indicates that the judgment creditor did not dream of attacking the good faith of the transaction until, by lapse of time, the premises had become greatly enhanced in value and there arose a possible opportunity to acquire a tract of considerable value for an investment of less than $500. After the land was deeded to respondent, she conducted farming operations thereon and managed the same with the assistance of her husband, and in the more important matters he acted as her agent. While these circumstances may be considered in determining whether the transactions were in good faith, the mere fact that the husband managed the farm after her purchase is not conclusive evidence of fraud, and such an arrangement is entirely consistent with her ownership and possession. Hossfeldt v. Dill, 28 Minn. 469, 10 N. W. 781.

2. The aggregate amount paid by respondent for the land to the investment company and Mr. Nye was about $6,600. In order to raise this money mortgages were executed upon the land to the extent of $3,000, and the main controversy at the trial was over the source from which the other $3,600 was obtained. Mr. Bodkin was sheriff of the county at that time and resided with his family at the county jail. According to his testimony Bodkin made an arrangement with his wife by which she was to board the prisoners and receive payment therefor

from the county, and as fast as the money was earned it was turned over to her by him. He testified that he paid a part of the household expenses out of other money earned by him as sheriff, and that his wife paid for the provisions required for boarding the prisoners. In addition to the prisoners, the jailer and his assistant also boarded with Mrs. Bodkin, and she also drew a salary as matron of the jail. Bodkin claimed that he had never paid any of his own money towards the purchase of the land. The exact amount of money received by respondent in this way does not appear, but it constituted a large part of the cash paid in the purchase of the property. Neither Mr. nor Mrs. Bodkin testified that there was an express contract between them which authorized her to board the prisoners and receive the compensation therefor from the county, but both stated such to be the arrangement, that she did the work, and that he, as sheriff, received the warrants from the county, which he turned over to his wife.

The question is: Did the money earned under those circumstances belong to the wife, as claimed by both, and was it hers to use as she chose in the purchase of land or otherwise, or was it the money of the husband? Section 7427, G. S. 1894, authorizes the sheriff to board the prisoners and the county to pay for the same according to stipulated prices; but the sheriff is not personally required to board them, and, if it be true that he made an arrangement with his wife that she should purchase provisions and perform the labor and receive the entire compensation, such arrangement was of no consequence to his creditors, provided it was entered into in good faith. In Riley v. Mitchell, 36 Minn. 3, 29 N. W. 588, it was said that under the provisions of section 1, c. 69, G. S. 1878 (G. S. 1894, § 5531), a married woman would not be entitled to moneys due from boarders or others, earned by her as and about the keeping and managing of a family household, but that under section 5534 she was entitled to receive the same by virtue of a contract between herself and husband. The court placed stress upon the difference between the ordinary household duties of a wife and duties performed for others where compensation is paid for the same. The money paid by the county to Bodkin was not by any means all profit, and his creditors acquired no lien upon it by the mere fact that so much money came into his hands from the county. He was at liberty to make the best

contract he could with reference to the cost of maintaining the prisoners, and if the arrangement he made with his wife was honestly entered into there is no law which will prevent the wife from thus saving and applying the accumulations of her own labor. See, also, Ehlers v. Blumer, (Iowa,) 105 N. W. 406.

In Minneapolis Stock-Yards & Packing Co. v. Halonen, 56 Minn. 469, 57 N. W. 1135, it was held that, when premises subject to a judgment lien were conveyed by a husband to his wife, the burden was upon her to prove by clear and satisfactory evidence that she paid a valuable consideration for the same. In this case, Nye and the investment company having acquired absolute title to the premises, there was no conveyance to the wife by the husband, and hence the rule above stated does not apply. Appellant attacks the good faith of the purchase by the wife upon the ground that the money was not her own, and the burden is upon him to make out a case by satisfactory evidence. In this appellant failed to satisfy the judgment of the trial judge, and we are bound by his decision. The mere fact that the premises formerly owned by the husband were subsequently acquired by the wife through the instrumentality of third persons, as in this case, does not necessarily brand the transaction with fraud, and such proceedings have been sustained under similar circumstances. Bond v. Stryker, 73 Minn. 265, 76 N. W. 26; De Lancey v. Finnegan, 86 Minn. 255, 90 N. W. 387; Shea v. Hynes, 89 Minn. 423, 95 N. W. 214.

Order affirmed.