Argued July 3, affirmed July 14, 1914.

## HERRLIN v. BROWN & McCABE.

(142 Pac. 772.)

Appeal and Error—Review—Discretion of Trial Court—Submission of Special Questions.

1. Under Section 154, L. O. L., providing that the court may direct a special verdict upon all or any of the issues, and in all cases may instruct the jury, if they render a general verdict, to find upon particular questions of fact to be stated in writing, in an action for injuries to a longshoreman employed in loading a vessel, the submission to the jury of the question whether the vessel was on an even keel when plaintiff was hurt being within the discretion of the trial court, its ruling will not be reviewed on appeal.

Trial—Verdict—Submission of Special Questions.

2. In an action for injuries to a longshoreman in loading his vessel, the submission of a special question whether the vessel was on an even

keel when plaintiff was injured could be properly withdrawn by the court at any time before the jury had found a special verdict thereon, and the refusal of the court to require the jury to answer the question was not error.

**Appeal and Error—Record—Questions Presented for Review.**

3. In an action for injury to a longshoreman employed in loading a vessel with wheat, where the complaint alleged negligence in permitting the vessel to be heavily loaded aft and in ordering the forward part of the hatch, in which plaintiff was working, to be loaded first, the failure of the jury to answer a special question whether the vessel was on an even keel at the time of the injury is immaterial on appeal, where the evidence is not in the record, since the recovery could be sustained on the theory that defendant was negligent in loading the fore part of the hatch first.

From Multnomah: HENRY E. McGINN, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is an action by Olof Herrlin against Brown & McCabe, a corporation, for negligence, and was tried by the court and jury, and a verdict for $15,000 returned. From a judgment thereon the defendant appeals.

The substance of the complaint is as follows: On September 21, 1912, the defendant, was engaged in loading the steamer "Harley" with a cargo of wheat at Portland, Oregon. The vessel is divided into four compartments or hatches, numbered from the prow, 1, 2, 3 and 4, used for the reception and stowing of cargo. Bags of wheat of standard size were stowed in tiers about 26 feet high. The plaintiff was employed by the defendant as a longshoreman to stow away the cargo in hatch No. 1. It is alleged:

"That said defendant, * * while plaintiff was engaged in the performance of his duty in said hatch No. 1, in the fore end of said vessel, did carelessly and negligently, and with a wanton disregard for the safety of plaintiff in the hold of said vessel, fail to provide plaintiff a reasonably safe place to work, or to maintain same in a reasonably safe condition, in this: That while plaintiff with ten other longshoremen were en-

gaged in stowing said cargo of wheat in the hold of said vessel at said hatch No. 1, and at a place where plaintiff could not see or have any knowledge as to what was being done in the other parts of said vessel with reference to the loading thereof, and where he could not see or know the position of said vessel as to being on an even or uneven keel, said defendant carelessly and negligently placed 26 longshoremen to work at stowing said bags of wheat in the aft of said vessel at said hatches (1, 2, 3 and 4), and did continue to so work said men at said place until said vessel became so heavily loaded in the after part that same listed heavily toward the aft, which listing rendered plaintiff's place of work in the prow of said vessel extraordinarily hazardous and dangerous, of all of which defendant at all of said times had full notice and knowledge, and of none of which plaintiff had any notice or knowledge; that defendant, well knowing that said vessel was overloaded in the aft part thereof, and well knowing of the heavy list thereof toward the aft, and with full knowledge of the danger of plaintiff's position in the hold of said vessel at hatch No. 1, and well knowing that plaintiff had no knowledge of said listing of said vessel, or of the dangers surrounding him at his said place of employment, did carelessly and negligently order and permit plaintiff to work in the hold of said vessel at said hatch No. 1, without giving plaintiff any warning or notice of the said dangers which surrounded him, and did negligently cause the fore part of hatch No. 1 to be loaded first instead of the aft part thereof."

It is also alleged:

"That * * while plaintiff was so in the performance of his said duty in the hold of said vessel at said hatch No. 1, and while in the exercise of due care, one of said tiers of sacks of wheat stowed in the hold of said vessel, said tier running crosswise thereof, and about 26 feet in height, by reason of the negligent acts of defendant hereinbefore set forth, and all of them, fell over toward the aft part of said vessel, and in falling

struck the plaintiff with great force and violence,''
permanently injuring him.

The answer denies any negligence and contains al-
legations of contributory negligence, act of fellow-ser-
vants, and assumption of risk.

The reply puts in issue the new matter of the an-
swer.    The evidence is not contained in the record.    It
is stated in the brief of defendant's counsel as follows:

''At the trial, evidence was introduced by plaintiff
tending to show that the 'Harley' was more heavily
loaded aft at the time of the accident than she should
have been, and was therefore 'down by the stern,' or
tilted aft, and that because of the tilt aft the tier of
sacks became overbalanced and fell.    Defendant in-
troduced evidence tending to show that the cargo of
the 'Harley' was properly distributed, and that she
was on an even keel at the time of the accident, and
that the falling of the tier of sacks was due to the
faulty manner in which plaintiff and his fellow-ser-
vants had constructed the tier.''

At the request of counsel for defendant, and with
the consent of plaintiff's counsel, the court submitted
to the jury the following special question of fact:

''Was the steamer 'Harley' on an even, or approxi-
mately an even, keel at the time plaintiff, Mr. Herrlin,
received his injury.''

The jury, after deliberating for about two hours,
returned into court and asked if it were compulsory
to answer and sign the special question of fact.    The
court then instructed the jury as follows:

''No; if you can agree upon the verdict, but cannot
agree upon an answer to that question, you needn't
answer the question.    We would, of course, like to
have you answer the question, if you can; but if you
cannot answer it, and can agree upon the verdict with-
out answering it, you may return your verdict into

court, and you will not be compelled to answer the question.''

To this instruction counsel for defendant duly saved an exception. The jury retired, and after three hours returned a general verdict, without answering the special question. Counsel for defendant thereupon moved the court to require the jury to report its findings, or its failure to agree upon a finding, on the question of fact, which motion was denied by the court. Defendant duly excepted to this ruling of the court, and moved for a judgment in its favor, for the reason that the failure of the jury to agree on an answer to the special question of fact, or to report its finding thereon, was inconsistent with, and antagonistic to, its general verdict, and equivalent to a finding thereon in its favor. This motion was overruled by the court to which ruling defendant duly excepted. AFFIRMED.

For appellant there was a brief over the name of *Messrs. Conley & De Neffe,* with an oral argument by *Mr. J. L. Conley.*

For respondent there was a brief over the names of *Mr. Claude Strahan, Mr. Arthur I. Moulton* and *Mr. Waldemar Seton,* with oral arguments by *Mr. Strahan* and *Mr. Moulton.*

MR. JUSTICE BEAN delivered the opinion of the court.

The only question for consideration upon this appeal is the matter relating to the submission of and the answer to the special question of fact. Section 154, L. O. L., provides as follows:

''In every action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. In all other cases, the court may direct the jury to find a special verdict

upon all or any of the issues; and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing.''

Counsel for the defendant maintain: (1) That the jury must answer special questions of fact submitted by the court; (2) that the court is not permitted to excuse the jury from so doing; (3) that the failure of the jury to agree on the special question of fact submitted to them was equivalent to finding affirmatively thereon, and was therefore in conflict and inconsistent with the general verdict in favor of plaintiff—citing *Rolfes* v. *Russell,* 5 Or. 405. Under Section 155, L. O. L., when a special finding of fact shall be inconsistent with the general verdict, the former shall control the latter.

The object of requiring the jury to pass separately and specifically upon controverted questions of fact material to the issue is to secure a more careful and methodical consideration of the evidence by the jury, and disclose the precise grounds upon which the verdict is based: *Knahtla* v. *Oregon S. L. Co.,* 21 Or. 136, 153 (27 Pac. 91).

1, 2. The submission of the particular question of fact to be answered by the jury in addition to their general verdict in the case at bar was a matter wholly within the discretion of the trial court, and will not be reviewed on appeal: *Swift* v. *Mulkey,* 14 Or. 59 (12 Pac. 76); *Knahtla* v. *Oregon S. L. R. Co.,* 21 Or. 136 (27 Pac. 91); *White* v. *White,* 34 Or. 141 (50 Pac. 801, 55 Pac. 645); *Wild* v. *Oregon S. L. Ry. Co.,* 21 Or. 159 (27 Pac. 954); *Palmer* v. *Portland Ry. L. & P. Co.,* 62 Or. 539 (125 Pac. 840). Such submission could be properly withdrawn by the court at any time before the jury had found a special verdict on the particular

question submitted: *Rohr* v. *Isaacs,* 8 Or. 451, 454. In the latter case the jury returned a general verdict, and were instructed to retire and find on a special question of fact which had been submitted to them. One of the jurors becoming sick, they were discharged without answering the question, and a judgment on the general verdict was sustained. In the case now under consideration, upon the inquiry of the jury to know if they were required to answer the special question, the court answered, "No," and in effect withdrew that question from the jury. The instruction added to the answer of the court left the matter practically within the discretion of the jury, the same as the rendition of a special verdict under the provision of the first portion of Section 154, L. O. L. "A failure of the court to require an interrogatory to be answered," says Mr. Thompson in his work on Trials (2 ed.), Section 2685, "has the same effect as refusing to submit it." In some jurisdictions, where the word "shall" or "must" is used in the statute governing the submission of interrogatories to the jury, it is compulsory upon the court when opportunely requested to make submission. In states like our own, where the word "may" is employed in the statute, it is held to be discretionary with the trial court: 2 Thompson, Trials (2 ed.), Section 2672. However we view the matter, whether as a withdrawal of the special interrogatory or as a failure of the trial court to require the question to be answered by the jury, it would not be a reviewable question: *Fox* v. *Tift,* 57 Or. 268, 275 (111 Pac. 51, Ann. Cas. 1912D, 845); *Knahtla* v. *Oregon S. L. R. Co.,* 21 Or. 136 (27 Pac. 91); *White* v. *White,* 34 Or. 141 (50 Pac. 801, 55 Pac. 645).

3. There is another feature of the case worthy of mention, in view of the fact that the evidence is not

contained in the record. The general verdict in this case can be supported on the theory that appellant was negligent in loading the fore part of hatch No. 1 first, instead of beginning at the rear part thereof against the hatch wall and working forward, as set forth in the second allegation of negligence in the complaint. Under such conditions the rule is that the failure of the jury to answer special questions, even under statutes making it a matter of absolute right, becomes immaterial, when the verdict could have been returned on other issues, or supported on any other hypothesis: *Schneider* v. *Chicago, B. & N. R. Co.*, 42 Minn. 68 (43 N. W. 783); *Eklund* v. *Martin*, 87 Minn. 441, 444 (92 N. W. 406); *McDermott* v. *Higby*, 23 Cal. 490; *Loewenberg* v. *Rosenthal*, 18 Or. 178, 181 (22 Pac. 601).

It follows that the judgment of the lower court should be affirmed, and it is so ordered.    AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.