Argued October 26, 1964, affirmed January 20, 1965

RHODES, Executrix of the Estate of GEORGE A.
GOODWIN *v.* MOORE et al

398 P. 2d 189

*Robert P. Jones,* Portland, argued the cause for appellants. With him on the brief were Hershiser, McMenamin, Blyth & Jones, Portland.

*Kenneth M. Abraham,* Hood River, argued the cause for respondent. With him on the brief were Parker & Abraham, Hood River.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

DENECKE, J.

This is a negligence action for personal injuries sustained when plaintiff fell from a bed in defendants' hospital. The verdict was for plaintiff. The principal

error assigned was the trial court's failure to hold for defendants as a matter of law.

The plaintiff, a man 73, suffered a heart attack and was taken to the defendant hospital on March 21. On the evening of March 23 he fell out of bed. Plaintiff alleges defendants were negligent in not placing guardrails on his bed. Defendants contend that guardrails were not used because of contrary directions from plaintiff's treating physician, Dr. Hyde.

■■ The trial court accepted defendants' theory that there would be no liability if the nurses were following the doctor's orders, and instructed the jury to that effect. We express no opinion as to the correctness of this theory, since any error in the instruction favored defendants. Assuming, as we must, that the jury followed this instruction, to have reached its verdict for plaintiff it must have found that the nurses were not following the doctor's instructions. A review of the testimony of all the nurses and physicians involved, particularly that of Dr. Hyde, leads us to the conclusion that a reasonable jury could properly so find. The failure to grant the nonsuit and motion for directed verdict on this ground was not error.

■ Defendants assert as another ground for nonsuit that plaintiff was contributorily negligent as a matter of law in that, contrary to the physician's instructions, plaintiff fell because he was up reaching for a urinal. Plaintiff testified that he remembered nothing from the time his physician gave him a shot (morphine) at home until sometime after the fall. Nurse Ebi testified that she administered morphine to plaintiff about two and one-half hours before he fell. Plaintiff's daughter and wife testified that during his stay in the hospital he was "dazed," "didn't know where he was." The jury

could find that plaintiff's conduct was the result of drugs or a mental condition caused by the heart attack and not a result of plaintiff's conscious volition.

Defendants also contend that the absence of the guardrails was not shown to be the cause of plaintiff's fall. Dr. Hyde testified the rails would have prevented the patient from falling.

 Plaintiff alleged in his complaint that defendants were negligent in leaving plaintiff in his "unconscious condition" without anyone present to prevent him from falling. Normally, a hospital has no duty to provide constant personal attendance for a patient. However, when, as here, there was a real hazard that the patient would fall, the jury could find the hospital had a duty to take action to prevent this. In the absence of guardrails or any other physical barrier, requiring personal supervision may be reasonable.

██ Defendants stress that plaintiff was not "unconscious." It is not necessary to find that he was in a coma or swoon. Dr. Hyde testified that a person in deep sleep from drugs is "unconscious." The hospital's duty to take care arises when the patient, because of his loss of awareness, is unable to properly take care of himself so as to prevent injury.

 Defendants further contend that their motion for nonsuit should have been granted because plaintiff relied upon usage to establish the proper standard of care and the usage was not proved by two witnesses. ORS 41.270. A nurse testified that the other hospital in the community usually put bedrails around elderly patients. This is not testimony of a "usage" as that word is used in ORS 41.270. *Silver Falls Co. v. E. & W. Lbr. Co.,* 149 Or 126, 173-174, 40 P2d 703, 720-721 (1935). Whether it is sufficient evidence of negligence

to make a question of fact is not necessary to decide as there was other evidence from which the jury could have found that reasonable hospital operators would have placed guardrails around patients such as plaintiff.

Judgment affirmed.