HAMMAGREN, *Respondent,*

*v.*

WALD CONSTRUCTION, INC., et al, *Appellants,*

545 P2d 859

*David A. Rhoten,* Salem, argued the cause for appellants. With him on the briefs were Malcolm L. Brand, and Rhoten, Rhoten & Speerstra, Salem.

*Frederick L. Decker,* Albany, argued the cause for respondent. With him on the brief were Goode, Goode, Decker & Hinson, P.C., Albany.

Before McAllister, Presiding Justice, and Denecke, Holman, Tongue, Howell, and Bryson, Justices.

BRYSON, J.

## BRYSON, J.

This action involves the application of the comparative negligence statute, ORS 18.470,[1] and the court's instructions and form of verdict submitted to the jury.

Plaintiff was struck by a truck operated by defendant Wally Smith, an employee of defendant Wald Construction, Inc. Defendants stipulated that Smith was acting within the scope of his employment at the time of the accident. Plaintiff alleged that defendants' negligence caused his injuries, and defendants alleged that plaintiff was contributorily negligent.

The trial court instructed the jury on comparative negligence, and the jury returned a unanimous verdict for general and special damages in favor of plaintiff and judgment was entered accordingly. Defendants appeal.

Defendants' principal assignment of error contends that the trial court erred in denying their request to use a "special verdict" form.[2] The defendants, pursuant to Rule 6.18, have elected to combine their arguments on the assignments of error. Defendants rely primarily upon the commentaries of V. Schwartz, Comparative Negligence §§ 17.4, 18.1 (1974), and C. Heft & C. Heft, Comparative Negligence Manual Ch 8 (1975), in support of their contention that the court should have used a "special verdict and jury interrogatories."

---

[1] "Contributory negligence * * * shall not bar recovery in an action by any person * * * to recover damages for negligence resulting in * * * injury to person * * * if such negligence contributing to the injury was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of such negligence attributable to the person recovering."

This statute was substantially amended by Oregon Laws 1975, ch 599, but those amendments do not apply to the instant case. It provides that "[w]hen requested by any party the trier of fact shall answer special questions * * *." It also provides, "This Act governs all actions tried *subsequent* to its effective date." (Emphasis supplied.) This case was tried before the effective date of the 1975 amendment.

[2] A copy of this form appears in Appendix B of defendants' brief but we cannot find it in the trial court's file or in the transcript. It provides for jury findings on the percent of negligence of each party, if any.

The controlling statute at the time this case was tried, ORS 17.415, states:

> "In every action for the recovery of money only * * *, the jury, in their discretion, may render a general or special verdict. In all other cases the court may direct the jury to find a special verdict upon all or any of the issues; and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing. * * *"

Defendants made reference to "special verdicts."[3] We note that in the context of their arguments at trial and on appeal, defendants are actually referring to special findings or interrogatories which accompany a general verdict. ORS 17.415.

■ We have always held that the power of a trial court to direct special findings is a matter of discretion. *Swift v. Mulkey,* 14 Or 59, 65, 12 P 76 (1886); *Knahtla v. O.S.L.R. Co.,* 21 Or 136, 152-54, 27 P 91 (1891); *Herrlin v. Brown & McCabe,* 71 Or 470, 475, 142 P 772 (1914); *Rennewanz v. Dean,* 114 Or 259, 263, 229 P 372 (1925). *See also,* Comment, 4 Will L J 86, 87, n. 10 (1966). The trial court's exercise of that discretion is not ordinarily reviewable except for abuse. *Meier & Frank Co. v. Mitlehner,* 75 Or 331, 340, 146 P 796 (1915).

■ States which have adopted statutory comparative negligence differ on the procedural issue of whether it is necessary for the fact finder to make special findings on the percentage of negligence. Some prefer a discretionary rule.[4] In his treatise, Schwartz favors the

---

[3] ORS 17.405 provides: "* * * A special verdict is that by which the jury find the facts only, leaving the judgment to the court."

[4] *See, e.g., Cobb v. Atkins,* 239 Ark 151, 388 SW2d 8, 12 (1965); 38 Mass Gen Laws Annot. Ch 231, § 85 (West Supp 1974-75) and Mass Rules of Court, R Civ P 49 at 86-87 (West 1974); Mont Laws 1975, ch 60, and 7 Rev Code Mont ch 2701, R Civ P 49 at 974-76 (1964); 2A Gen Laws R I § 9-20-4 (Supp 1973), and 2A Gen Laws R I, Sup Ct R Civ P 49 at 657 (1970); Rev Code Wash § 4.22.010 (West Supp 1974); and Wash Court Rules, Sup Ct Civ R 49 at 386-87 (West 1974).

mandatory use of special interrogatories but recognizes that:

"* * * Comparative negligence usually is the result of a comparatively recent legislative judgment. Therefore, the law should be applied as a legislature intended it * * *." V. Schwartz, *supra* at 290.

The legislative history to ORS 18.470 shows that the Oregon legislature had a clear choice between procedures. House Bill 1297 required the use of a special verdict while House Bill 1343 utilized the existing procedure under ORS 17.415.[5] After considering the testimony of the respective proponents, the legislature enacted House Bill 1343, codified as ORS 18.470. Hearings on House Bill 1343 Before the House Judiciary Committee, 56th Legislative Assembly, Regular Session (March 4, 1971). *See also* Comment, 8 Will L J 37, 38, n. 8 (1972); Oregon State Bar CLE, Legislation (article by F. Pozzi, Comparative Negligence 4-10, 1971).

We can reasonably assume in this case that the legislature was aware of the facts, theories and experiences of other states when it considered House Bills 1297 and 1343.[6] *See* 2A Sutherland, Statutes and Statutory Construction 337-38, § 52.03 (Sands, 4th ed 1973); *cf., Anthony et al v. Veatch et al,* 189 Or 462, 497, 220 P2d 493, 221 P2d 575 (1950), appeal dismissed, 340 US 923, 71 S Ct 499, 95 L Ed 667 (1951).

Since the legislature elected to utilize existing pro-

---

[5]Supporters of House Bill 1343 testified that "the general statute applicable to special verdicts [ORS 17.415] adequately deals with any problem that might arise." Hearings on House Bill 1343 Before the House Judiciary Committee, 56th Legislative Assembly, Regular Session (March 4, 1971).

[6]The legislature received testimony on this subject. Also, the legislature must have been aware of current discussion on the use of special verdicts or interrogatories in negligence actions. *See, e.g.,* C. Light, et al, *Panel on Instructions and Special Verdicts Under Comparative Negligence,* 10 Ark L Rev 94 (1955-56); Institute of Judicial Administration, Comparative Negligence 3-U11 (August 15, 1955); W. Prosser, The Law of Torts 447, § 66 (3d ed 1964); R. Aiken, *Proportioning Comparative Negligence—Problems of Theory and Special Verdict Formulation,* 53 Marq L Rev 293 (1970).

cedures for the implementation of comparative negligence in this state, we should give effect to that clear intention. *Pio v. Adcco, Love's Enter./Kent,* 267 Or 540, 543, 517 P2d 1189 (1974); *Oregon Willamette Lbr. v. Lincoln Co.,* 232 Or 540, 546, 376 P2d 422 (1962).

■ Did the trial court abuse its discretion in the instant case when it refused to direct special findings? The record shows that the trial court gave due consideration to defendants' requested interrogatories. The legislature left this to the trial court's discretion and we can find no evidence of an abuse in this case.

■ Defendants advance two additional arguments in support of their principal assignment of error. First, defendants contend that the trial court "in effect, 'commented' to the jury that it could disregard the instructions with respect to comparison of negligence." Second, defendants contend that the trial court "allowed the jury to completely ignore the * * * negligence of plaintiff." We cannot agree with these contentions.

We have examined the record and find that the trial court fully instructed the jury on comparative negligence and gave the jury several examples of apportioning damages. We must assume that the jury obeyed and followed these instructions. *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 223, 493 P2d 138 (1972); *Rhodes v. Moore,* 239 Or 454, 456, 398 P2d 189 (1965).

Affirmed.