[Filed October 29, 1886.]

## HENRY SWIFT, Jr., v. M. F. MULKEY and W. LAIR HILL.

Ejectment—Pleading—Amendment.—In an action to recover the possession of real property, where a complaint otherwise in the usual form alleges that the defendants are in possession, " or claim the possession," of the above described real property, as the owners thereof, and in reply to an answer setting up ownership, possession, and the statute of limitations, " deny that the defendants had been in the possession of the premises at all, or that they had possession of any part or portion of them at all "; it was not error to allow the plaintiff, after the case came on for trial, to amend his complaint and reply by striking out the words above quoted.

Same—Continuance.—Great liberality in amending pleadings under our system should be shown, when the justice of the case requires it. Care should be exercised that the opposite party be not misled to his prejudice, and this can usually be avoided by a continuance.

Same—Adverse Possession—Color of Title.—Where the plaintiff proves title in himself, that entitles him to the possession, unless the defendants show a title in themselves, or an adverse possession for the period of ten years. To constitute adverse possession there must be an occupancy under a claim of ownership, though it need not be under color of title.

Same—Deed of Quit Claim.—A quit claim deed, or any instrument that purports upon its face to convey title, is sufficient to constitute color of title.

Execution Sale—Description — Order of Confirmation.—An order confirming a sale of lands on execution, which describes the land as " part of Sec. 29, T. 1 N., R. 2 E., containing 160 acres more or less, being a portion of the donation land claim of Henry and Jane Swift, and being described on plot as Notification No. 6165, in Multnomah County, Oregon," is insufficient to identify the land.

Special Verdict.—The refusal of the trial court to direct special findings by jury is a matter wholly within its discretion, and will not be reviewed by this court.

Multnomah County. Defendants appeal. Reversed and new trial ordered.

*P. L. Willis* and *George H. Durham*, for Appellants.

The application to amend having been made after the jury was impanelled and sworn, and evidence offered, was not " before trial," and hence is not included in the cases provided for in the former part of section 99 of the Civil Code. (*Winship v. State*, 51 Ill. 296; *Horner* v. *Pilkington*, 11 Ind. 440; *St. Anthony, etc., Co.* v. *King, etc., Bridge*, 23 Minn. 186;

14  59
21  152
21  169
12  76
27  96
27  957

14  59
23  310
23  521
12  76
31  710
33  404

14  59
28  496

14  59
30  175

14  59
34  158

14  59
35  210

Civil Code, Sec. 102.) The appellants, if in possession, were in *adverse* possession, unless it be shown that they were holding under lease, or in other manner in subservience to the respondent, and this is a question of intention of the appellants. (*La Frambois* v. *Jackson*, 8 Cow. 617.) The complaint alleges that the appellants are in possession. It is admitted by the bill of exceptions that no evidence was offered tending to disprove the positive testimony of the appellants, that during the whole of the ten years next preceding the commencement of the action they claimed the land as their own ; hence, on the allegations and admitted facts, the appellants were entitled to recover. (Laws 1878, p. 22, § 4.) The description in the order of confirmation should have been held sufficient, for even if there were in the order other uncertain or even incorrect descriptions of the land, they must yield to the correct one ; and hence the judgment, execution, sheriff's return, order of confirmation, and sheriff's deed should also have been admitted. (*Board etc.* v. *Wiley*, 10 Or. 86.) The quit claim deed from Hudson to the appellants was sufficient to constitute color of title. (*Hatcher* v. *Briggs*, 6 Or. 43.)

*Strong & Strong*, for Respondent.

The matter of allowing amendments rests almost wholly in the discretion of the trial court, and its action in that regard will not ordinarily be reviewed on appeal. The matter was clearly within the power of the court in this case, and no abuse of discretion appears. (*Bowles* v. *Doble*, 11 Or. 444.) If the allegations of the reply conflict with and contradict the allegation of the complaint, the defect is a formal one, and cannot be taken advantage of at the trial (*Osborn* v. *Graves*, 11 Or. 526), and would certainly not be available after verdict. (*Turner* v. *Corbett*, 9 Or. 79 ; *Houghton* v. *Beck*, Id. 325.) Even if defendants were entitled to a nonsuit when they made their motion, they waived their exception to its denial, by afterwards putting in evidence in defense. (*McGregory* v. *Prescott*, 5 Cush. 67.) We submit that the court rightly

excluded the quit claim deed offered by defendants, because
a quit claim deed cannot give rise to color of title.   It does
not purport to convey a title, and does not estop the grantor
from setting up an after acquired title.   (Bigelow's Estop-
pel, 332; *Farnum* v. *Loomis,* 2 Or. 29 ; *Baker* v. *Woodward,*
12 Or. 3 ; *May* v. *LeClaire,* 11 Wall. 217, 232 ; *Stoffell* v.
*Schroeder,* 62 Mo. 147 ; *Marshall* v. *Roberts,* 18 Minn. 405 ;
*Rogers* v. *Burchard,* 34 Tex. 441; *Springer* v. *Bartle,* 46
Iowa, 688.)   Now, to constitute color of title, the instrument
must *purport* to convey title.   ( *Osterman* v. *Baldwin,* 6
Wall. 116, 123 ; *Rigor* v. *Frye,* 62 Ill. 507 ; *Killburn* v.
*Ritchie,* 2 Cal. 145.)   The description of the land in the or-
der of confirmation offered by the appellants is clearly insuf-
cient.   It describes the land as in Section 29, whereas it is in
Section 20.   A description of land merely as " a part of "
a certain tract named is a nullity.   (Herman on Execution,
Sec. 294 ; *LeFranc* v. *Richmond,* 5 Sawyer, 601; *Bos-
worth* v. *Farenholz,* 3 Iowa, 84; *Peck* v. *Mallams,* 10 N.
Y. 509, 531–2.)   Such a record would not be admissible,
even to show color of title.   (Angell on Lim., 6th ed.,
Sec. 408 ; *Shackleford* v. *Bailey,* 35 Ill. 387; *Humphries*
v. *Huffman,* 33 Ohio St. 395; *Jackson* v. *Woodruff,* 1 Cowen,
276.)

THAYER, J.—The respondent commenced an action in the
Circuit Court of Multnomah County, to recover the possession
of certain real property situated in said county.   The complaint
is in the ordinary form, excepting that the allegation of the
appellant's possession and withholding the property is, that
they are in possession, " or claim the possession of said above
described real property as the owners thereof," and wrong-
fully withhold the same from the respondent.   The allegations
of the complaint regarding the ownership of the property, the
wrongful withholding the same, and the alleged damages for
such withholding are controverted in the answer ; and in which
the appellants allege ownership in themselves, and plead the

statute of limitations ; which allegations last referred to are controverted in the reply ; and in which it was in effect denied that the appellants had been in the possession of the premises at all, or that they had possession of them, or any part or portion of them at all.

When the case came on for trial, the respondent's counsel asked leave to amend the complaint and reply, by striking out certain portions thereof, which was granted by the court ; and thereupon the words " or claim the possession of said above described real property as the owners thereof," were stricken out of the complaint, and the words " or for any other period, or at all," also the words, " or that defendants, or either of them, have had possession of the real property in the complaint described, or any part or portion thereof," were stricken out of the reply. This is claimed by the appellants' counsel to have been erroneous ; that the said words left in the respective pleadings rendered them defective ; that the complaint stated no cause of action with the words in it, and that the court could not allow it to be amended in that stage of the case. It does not appear what the counsel claimed as to the effect the words stricken out of the reply would have had if left in it ; but it is apparent that it would have made the reply contradict the complaint in a material particular.

The appellants' counsel also claimed that after the pleadings were amended as stated, they still did not contain a cause of action, and he objected to the admission of evidence under them, and subsequently moved to arrest the judgment upon that ground. The respondents' counsel, after the portions of his pleadings referred to were stricken out, introduced evidence of a record title to himself in the land, and then rested his case ; whereupon, the appellants' counsel moved for a judgment of nonsuit, claiming that the respondent's pleadings taken together did not, after the amendment, constitute a cause of action, and that the burden was upon the respondent to show that appellants' possession was not adverse. The court overruled the motion, and allowed the appellants' counsel an exception to the ruling, and which is claimed to be erroneous.

·The latter then attempted to prove his defense set up in the answer, and gave evidence tending to show that the appellants took possession of the premises in controversy more than ten years prior to the commencement of the action, under a *quit claim* deed executed to them by one R. Hendrie ; that their possession had been uninterrupted and continuous ever since : and then offered in evidence a certified copy of the record of deeds of Multnomah County, of the said deed from Hendrie, for the purpose, as appellants' counsel claimed, of showing that they entered under color of title.   The respondent's counsel objected to the introduction of the said deed, upon the grounds that a quit claim deed could not give rise to color of title.   The court sustained the objection, and rejected the evidence, to which ruling an exception was allowed, and which is also claimed to have been erroneous.

The appellants' counsel then offered in evidence a copy of a judgment of the said circuit court, rendered on the 12th day of February, 1866, in favor of said R. Hendrie, and against Mrs. H. Swift, claimed to be one of the respondent's immediate grantors, the issuance of an execution thereon, sale of the said premises by the then sheriff of said county to said R. Hendrie, and an order confirming the sale ; to the introduction of which the respondent's counsel objected, and the court sustained the objection, and allowed an exception.   This ruling is also claimed to have been erroneous.

After the evidence was closed, the appellants' counsel requested the court to direct the jury to make certain special findings, which the court refused, and to which refusal an exception was allowed, and which is also relied on herein.

I think the court had power to allow the amendment of the complaint and reply at the time it did, and in the way permitted.   Great liberality in amending pleadings under our system should be shown, when the justice of the case requires it.   The court should always be careful that the opposite party be not misled to his prejudice, and this can be avoided in almost every case by granting a continuance.   When a party comes into court in good faith with his action or suit, he should

not be turned out on account of a technicality or mistake which an amendment will obviate, when it will do no substantial injury to the opposite party. It is the province of the courts to adjust controversies between litigants, and it should be done with as little delay and annoyance to them and the public as circumstances will permit. The parties in this case were before the court to try the case, and I think the court did right in not turning the respondent out, and compelling him to commence over again, when it could be done by a single amendment of his pleadings. It worked no injury to the appellants. They were there to try the merits of the case, and could not have been injured a particle.

The motion for a nonsuit was properly denied. The respondent proved title to the premises in himself, and that entitled him to the possession, unless the appellants could show a title in themselves, or an adverse possession for the period of ten years. The legal title draws after it the possession, and a right of entry is not barred, unless there has been a disseisin followed by an actual, open, notorious and continuous adverse possession for the period of ten years next prior to the commencement of the action. To be an adverse possession it must be an occupancy under a claim of ownership, though it need not be under color of title. It is sufficient if the party goes upon the land, and declares to the world by his acts and conduct that he is the owner of it, and maintains that attitude the requisite period. His occupancy, when he does not enter under color of title, must, however, extend to the entire tract of land claimed. He will gain no right to any part of it that he does not actually occupy, while the rule is different if the entry is made under a paper title. There his occupancy, if he actually occupy a part of it, will be extended by construction to the boundaries specified in the instrument under which he claims.

But the circuit court was mistaken in holding that a quit claim deed would not constitute color of title. Any instrument that purports upon its face to convey title to the grantee is sufficient to constitute color of title. A quit claim deed, it

is true, only conveys what the grantor can rightfully convey; but it is as effectual to convey that as any other form of deed, and it has been held that an entry under a conveyance from the sheriff, though not sufficient upon its face to convey the legal title, was an entry under color of title. (*Jackson* v. *Newton*, 18 Johns. 355.) A large number of cases are collected in Tyler on Ejectment and Adverse Enjoyment, at page 862 of that work, and they fully sustain the view here expressed.

The other exceptions in this case were not well taken ; the sale under the execution, as shown by the order of confirmation, was too indefinite in its description of the land sold. It was described therein as a " part of Sec. 29, T. 1 N., R. 2 E., containing 160 acres, more or less, and being a portion of the donation land claim of Henry and Jane Swift, and being described on plat as Notification No. 6165, lying and being in Multnomah County, Oregon."

It appears that a donation claim, known as Notification No. 6165, was patented to H. Swift and Jane Swift, his wife, and that it included the premises in question. The claim included a larger portion than 160 acres, probably 320 acres, though that does not appear in the record. But it does appear that 160 acres was only a part of the donation claim. That must be inferred from the description set out in the order of confirmation. But it does not appear, nor can it be ascertained from the record, which portion of the donation claim was sold by the sheriff. He doubtless intended to sell 160 acres thereof, but it would be impossible to ascertain which part of the claim it was intended to be. There is nothing in the description to identify it.

The refusal of the court to direct special findings, as requested by the appellant's counsel, was wholly discretionary. This court will not undertake to review any such ruling of a circuit court. The respondent's counsel contended, upon the hearing, that the appellant's possession of the premises, as shown by the cross-examination of one of the appellants when on the stand as a witness, was not such an occupancy as would

constitute an adverse possession, within the meaning of the law, and that therefore the exclusion of the deed from Hendrie to appellants, when offered in evidence, if erroneous, did not injure appellants. If all the evidence in the case were shown to be contained in this bill of exceptions, we might properly pass upon that question ; but as it stands, we do not think we have the right to do so. The case was submitted to the jury to pass upon, and the statement in the bill of exceptions, showing the character of testimony given upon the part of the appellants, entitled them to have it so submitted.

I do not think the testimony returned here shows any such adverse holding as would bar the action ; but this court cannot determine that it was all the testimony in the case, and is compelled, therefore, to reverse the judgment, and remand the case for a new trial.