Argued March 11, decided March 24, 1914.

## CRIM *v.* CRIM.

(139 Pac. 917.)

**Ejectment—Right of Action—Title of Plaintiff.**

1. Regardless of the equitable rights of the parties under a contract to purchase land, where legal title is vested in both plaintiff and defendant in ejectment, the action will not lie.

**Estoppel—Equitable Estoppel—Availability at Law.**

2. That defendant in ejectment testified in a former proceeding that he had no interest in land under a contract of purchase cannot estop him from asserting an after-acquired legal interest in the property in an action at law.

[As to the property or invasion of possession for which ejectment is maintainable, see note in 116 Am. St. Rep. 568. As to ejectment where all the parties claim under a common source of title, see note in 47 Am. St. Rep. 72.]

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action of ejectment by Jessie E. Crim against John L. Crim to recover three lots in Oregon Homes, a platted tract, in Clackamas County. It appears from plaintiff's complaint that the premises in controversy were being purchased under a contract entered into between the parties to this suit and S. D. Smalley. It is also alleged that defendant defaulted and forfeited his rights under the contract, and furthermore that, in a suit between the plaintiff and defendant in the Circuit Court of Multnomah County, defendant testified he had no interest in the premises, that plaintiff relied on his testimony, and thereafter completed the payments under the contract and received a deed thereto, and that, therefore, defendant is estopped from asserting any title or interest in the premises. It is further alleged that said deed stands in the name of John L. Crim and Jessie E. Crim.

A general demurrer to the complaint was interposed, which was overruled. The defendant thereupon answered, denying generally the allegations of the complaint, except that the property was being purchased under contract, and that the deed was executed as alleged. A trial was had upon the issues thus joined, which resulted in a verdict and judgment for plaintiff. Defendant appeals.     REMANDED WITH DIRECTIONS.

For appellant there was a brief over the name of *Messrs. Kimball & Ringo,* with an oral argument by *Mr. Ernest R. Ringo.*

For respondent there was a brief and an oral argument by *Mr. Andrew G. Thompson.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. Whatever may be the facts as to the defendant having failed to complete the purchase of the property in dispute, and as to his having forfeited his right to complete the payments, we are confronted by the fact that after such alleged forfeiture, and after the defendant is alleged to have testified that he had no interest in the property, the plaintiff procured a deed conveying it to herself and to the defendant. The legal title, therefore, vested in both plaintiff and defendant, and ejectment will not lie against one holding the legal title: *Swift* v. *Mulkey,* 14 Or. 59 (12 Pac. 76).

2. The fact, if it be a fact, that defendant testified in another proceeding that he had no interest in the property cannot work an estoppel against him in asserting an after-acquired legal interest in the property in an action at law. Whether it would create an estoppel in equity we do not now decide. That plaintiff at least would have an equitable lien upon defendant's interest in the property for the sums paid by her seems only

just; but these matters are of equitable cognizance, and cannot be considered in this action.

The cause will be remanded to the court below, with directions to dismiss the action without prejudice to any equitable proceeding plaintiff may see fit to institute.          REMANDED WITH DIRECTIONS.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE BURNETT concur. MR. JUSTICE MCNARY not sitting.