IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5236 (Control); 5269; 5291** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | **ORDER GRANTING DEFENDANT'S** |
| State of Oregon, | ) | **MOTIONS TO AMEND ANSWERS AND** |
| | ) | **MOTION TO COMPEL PRODUCTION** |
| Defendant. | ) | **OF DOCUMENTS** |

## I.  INTRODUCTION

This matter is before the court on three motions of Defendant Department of Revenue (the department).  The first motion is to amend its Answer for tax year 2015-16 to assert a real market value higher than that originally assessed for property owned by Plaintiff Level 3 Communications, LLC (taxpayer).[1]  The second motion is to similarly amend its Answer for tax year 2016-17.  The third motion is to compel production of certain materials.  The court will address the motions to amend Answers first, and then address the motion to compel.

## II.  MOTIONS TO AMEND ANSWERS

The department moves to amend its Answers for tax years 2015-16 and 2016-17 to add a "counterclaim."[2]  Except as to denominating the tax year at issue, the counterclaims are

---

[1] Defendant did not submit a motion to amend its Answer in the lead case, TC 5236.

[2]  The court's rules caution parties to consider the teachings of *Village at Main Street Phase II, LLC v. Dept. of Rev.*, 22 OTR 52 (2015), *vac'd on other grounds*, 360 Or 738, 387 P3d 374 (2016), and *Work v. Dept. of Rev.*, 22 OTR 396 (2017) before asserting a counterclaim.  Those cases, however, addressed the availability or status of counterclaims in cases appealed from the Magistrate Division.  This case was specially designated to the court.  It is not clear, and neither party addressed, whether the status or availability of counterclaims differs in cases specially

identical:

> "Defendant AFFIRMATIVELY ALLEGES that, based on CenturyLink's 2016-2017 purchase price for Level 3, the Level 3 property's real market value for the [respective] tax year is the amount that reflects the Oregon allocated portion of a Level 3 system value not exceeding $34 Billion."

(Def's proposed amended Ans at 2.)

The alleged "system value"[3] of $34 billion is higher than the values the department's Director ordered after holding a Director's conference for each tax year: $16 billion for 2015-16 and $17 billion for 2016-17. (Ptf's Compl, TC 5269 at 2; Ptf's Compl, TC 5291 at 2.) The department bases its new assertion at least in part on its allegation that a transaction was completed on or about November 1, 2017, in which taxpayer was merged into a subsidiary of CenturyLink, Inc. ("CenturyLink"), with consideration paid to the former shareholders of taxpayer including cash and CenturyLink stock. (Def's Mot to Amend Ans, TC 5269 Ex G at 3; Def's Mot to Amend Ans, TC 5291 Ex G at 3.) Various articles attached to the department's motion describe the transaction as an "acquisition" of taxpayer by CenturyLink for $34 billion. (*See, e.g.*, Def's Mot to Amend Ans, TC 5291 Ex B at 1; Ex C at 1; Ex D). Citing Oregon Supreme Court opinions the department referred to the principle that "a sale of property up to at least two years after the assessment date is relevant to determining assessed value as of the earlier assessment date where the condition of the taxpayer's property has remained essentially unchanged." (Def's Mot to Amend Ans at 1-2.)

Taxpayer objects to both amendments for the following reasons. First, taxpayer argues that the amendments are untimely because the department filed its motions less than three

---

designated for hearing in the Regular Division. Regardless, the court has the authority in this case to determine the correct value of the property, without regard to the values pleaded by the parties. ORS 305.412.

[3] The department's rules use the term "system value" to mean the value of a centrally assessed taxpayer's integrated group of assets functioning as an economic unit within and without Oregon. *See* OAR 150-308-0695.

months before trial is scheduled, and because the department has been aware of the CenturyLink transaction for at least a year. Second, taxpayer argues that the department's motion is for the "improper purpose" of seeking to use evidence of the CenturyLink transaction to discredit the appraisal evidence taxpayer intends to produce at trial. Third, taxpayer argues that the amendments are based on inadmissible hearsay evidence of the CenturyLink transaction. Fourth, taxpayer argues that the final numbers for the CenturyLink transaction are still being calculated. (Ptf's Resp Mot to Amend Ans at 1-5.) Finally, at oral argument, taxpayer disputed the applicability of one of the cases cited in the department's motion, *Sabin v. Dept. of Rev.*, 270 Or 422, 528 P2d 69 (1974).

The court reviews a motion to amend a pleading using the standard set forth in Tax Court Rule (TCR) 23 A. As relevant here, TCR 23 A provides that a party may request leave of the court to amend its pleadings, "and leave will be freely given when justice so requires." TCR 23 is materially similar to Oregon Rule of Civil Procedure (ORCP) 23; therefore, the court looks to authority interpreting ORCP 23. *See* Preface to TCRs ("To the extent that the wording of a TCR is the same as that of an ORCP, cases interpreting the ORCP may be looked to as authority for interpreting the TCR.").

The guiding principle in whether to deny leave to file an amended pleading is whether the opposing party will be prejudiced by the amendment. *Reeves v. Reeves*, 203 Or App 80, 84, 125 P3d 755 (2005) (complaints); *Franke v. ODFW*, 166 Or App 660, 669, 2 P3d 921 (2000) (answers); *see also Quirk v. Ross*, 257 Or 80, 83, 476 P2d 559 (1970). However, even where a party otherwise would be prejudiced by allowing an amendment, that prejudice usually can be avoided by granting a continuance. *Swift v. Mulkey*, 14 Or 59, 63-64, 12 P 76 (1886); *see also Merit v. Losey*, 194 Or 89, 240 P2d 933 (1952) (allowing amendment immediately before trial

within trial court's discretion).

With that background in mind, the court now considers taxpayer's arguments against the department's request for leave to amend its Answers.

Taxpayer argues that the amendments are untimely. This argument is not well taken. Pleadings may be amended immediately before trial, and even during trial. *See Eaid v. National Casualty Co.*, 122 Or 547, 554, 259 P 902 (1927) (amendment of taxpayer's complaint during trial to add matters raised in its reply within trial court's discretion). The court is mindful that this case is complex, and allowing an amendment that substantially changes the nature of the case to be tried may prejudice taxpayer and require a continuance. However, the amendment requested by the department *does not* substantially change the nature of the case to be tried. Regardless of whether the department is allowed to amend its Answer to allege a higher system value, the department can seek to introduce whatever evidence it claims is relevant to the value of the property in any particular tax year. It will be for the court to decide whether to admit such evidence and, if so, what weight to assign to it. A party's allegation in a pleading may serve as notice of that party's position, but in this case it does not predetermine the admissibility or significance of evidence to support that position, particularly where the court is statutorily authorized to determine the correct value of property without regard to the values pleaded by the parties.[4] *See* ORS 305.412.[5]

With respect to whether the department was aware of the transaction for at least a year prior to the amendment, taxpayer has made no record on this point. Regardless, the court notes

---

[4] Taxpayer acknowledged in oral argument that the department could seek at trial to present evidence of a higher value, then seek leave to amend its Answer to conform to any such evidence actually admitted. *See* TCR 23 B. Taxpayer asserts further that the department is *required* to await the court's determination of admissibility before seeking an amendment. Taxpayer cited no authorities for such a requirement, and the court is aware of none.

[5] The court's references to the Oregon Revised Statutes (ORS) are to the 2015 edition.

that the transaction allegedly closed in October 2017 and involved taxpayer itself. The liberal standard for allowing amended pleadings would not bar an amendment based on such a transaction three months prior to the request even if the department was aware of it earlier.

Taxpayer's next argument is that the amendment is made for an improper purpose. The improper purpose, according to taxpayer, is to use evidence of the CenturyLink transaction to discredit taxpayer's evidence of value. Taxpayer's argument is not well taken. The department does not need to amend its Answer in order to offer evidence of the CenturyLink transaction in any given tax year.

Taxpayer's next argument is that the amendment is based on inadmissible hearsay evidence of the CenturyLink transaction. Taxpayer cited to no authority for the relevance of this argument with respect to whether an amended pleading should be allowed. Taxpayer's arguments regarding whether evidence of the CenturyLink transaction is admissible are more properly raised in a motion *in limine* or as an objection at trial. Taxpayer's third argument is not well taken.

Taxpayer next argued that the final sale numbers are still being calculated. That may be, but it is of no moment. First, the department is seeking to allege a value *not exceeding* $34 billion, the reported transaction price. In addition, the department may rely on evidence other than the final transaction price to try to establish value at trial. Taxpayer's arguments in this regard are again more properly raised in a motion *in limine*, other briefing, or at trial.

Taxpayer asserted at oral argument that the department's reliance upon *Sabin v. Dept. of Rev.*, 270 Or 422, 427, 528 P2d 69 (1974), is misplaced because the property in that case was a single plot of land subject to local assessment, as opposed to the total unit of real, tangible and intangible property of a centrally assessed business. Taxpayer is free to make this and other

/ / /

arguments in the context of the admissibility or proper weight of evidence the department chooses to proffer at trial.

The department is granted leave to amend its Answers to add its "counterclaims" for tax years 2015-16 and 2016-17.

## III.  MOTION TO COMPEL PRODUCTION

The court now turns to the department's motion to compel production of certain documents from taxpayer.  The department moved to compel production of a 2016 Long-Lived Asset Impairment Analysis, and "All documents that pertain to the sale of Level 3 Communications Inc. or subsidiaries, or any of their property."  (Def's Mot to Compel at 2.)  At the hearing on this motion, taxpayer agreed to produce the impairment analysis; therefore, the court need only consider the request for documents pertaining to the sale of taxpayer to CenturyLink.

The standard for discovery is found in TCR 36 B.  That rule provides:

> "For all forms of discovery, parties may inquire regarding any matter, not privileged, which is relevant to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter. *It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*"

TCR 36 B(1) (emphasis added).

Taxpayer objects to producing the requested information regarding the CenturyLink transaction.  First, taxpayer argues that trial was originally scheduled to occur in December 2017, and that discovery has already concluded.  The court is aware of no discovery cutoff that was ordered with respect to either the December 2017 trial or the rescheduled April 2018 trial.

Taxpayer's argument is not well taken.

Taxpayer next argues that evidence of the CenturyLink transaction, which allegedly closed in October 2017, is not relevant to tax years 2015-16 or 2016-17. Taxpayer's argument is not well taken. Both parties allege that the transaction was announced in late 2016, almost a year before it was concluded. As the department argued at the hearing on this motion, taxpayer may have been considering the transaction before it was announced, and documents relating to the transaction may have been prepared in, or otherwise be relevant to, the value of taxpayer's property in the tax years 2015-16 and 2016-17. Therefore, the department is entitled, at least generally, to pursue its discovery request.

For the same reasons, taxpayer's next argument also fails. Taxpayer argues that the evidence the department requests was not known or knowable as of the assessment dates, and therefore is not admissible to prove value. The department is not required to take taxpayer at its word on this--it is entitled to ask for the documents so long as the request is "reasonably calculated to lead to the discovery of admissible evidence." The court concludes that it is.

Finally, taxpayer argues that it would be unduly burdensome to produce, so close to trial, the evidence the department has requested. *See* TCR 36 C (allowing the court to limit discovery to avoid "undue burden or expense" on the party from which discovery is sought). The court notes that the department's request *is* broad: "*All documents* that pertain to the sale of Level 3 Communications Inc. or subsidiaries, or any of their property." (Def's Mot to Compel at 2) (emphasis added). Based simply on the apparent size of the transaction and the regulatory scrutiny it attracted according to taxpayer, it seems likely that some of those documents contain no information relevant to this case or to tax years 2015-16 or 2016-17 and that other documents are duplicative.

/ / /

The court grants the department's motion to compel, but with direction to the parties to confer as to (1) limiting the scope of the department's request to avoid undue burden on taxpayer and (2) ensuring the department receives all documents reasonably requested in a timely fashion. The court is available to address any motion to compel production of a more limited scope of documents, or any objections thereto.

IV.    CONCLUSION

The department's motions for leave to amend its Answers for tax years 2015-16 and 2016-17 are granted.  The department's motion to compel is granted, but with direction to the parties to confer on limiting the scope of that request.  Now, therefore,

IT IS ORDERED that leave is granted to the department to file amended Answers for tax years 2015-16 and 2016-17.

IT IS FURTHER ORDERED that the amended Answers submitted by the department on or about January 19, 2018, are deemed filed, and taxpayer is deemed to have replied to the department's counterclaims through its written responses submitted on or about February 1, 2018, and its arguments at the February 14, 2018, hearing.

IT IS FURTHER ORDERED that the department's motion to compel is granted, subject to the parties conferring on limiting the scope of the department's discovery request; and

IT IS FURTHER ORDERED that the parties are to provide a status update no later than March 2, 2018,  if they are unable to agree on a more limited scope of discovery.

Dated this ___ day of February, 2018.

_____

*THIS DOCUMENT WAS SIGNED BY JUDGE ROBERT T. MANICKE ON FEBRUARY 21, 2018, AND FILED THE SAME DAY. THIS IS A PUBLISHED DOCUMENT.*